Charles EVANS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55856.

Missouri Court of Appeals, Eastern District, Division One.

July 18, 1989.

Steven E. Jordon, Asst. Public Defender, Farmington, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We reverse and remand.

. On November 12, 1980, the state filed an amended information charging, in four counts, that on June 19, 21, 25 and 26 of 1980 movant fraudulently obtained a controlled substance in violation of § 195.170.1, RSMo 1978, by having forged prescriptions for Demerol filled at a pharmacy. The information was further amended by interlineation on May 18, 1981, to change movant's alleged conduct in each count from obtaining Demerol to attempting to obtain Demerol. That same day movant pled guilty to all four counts, and the court accepted his pleas, suspended imposition of sentences and placed movant on five years' supervised probation.[1] On May 10, 1985, the court suspended movant's probation and ordered a capias warrant issued for his arrest, and on July 20, 1987, the court revoked movant's probation and sentenced him to concurrent terms of 15 years' imprisonment on each count.

Movant filed his Rule 24.035 motion April 1, 1988. Counsel was appointed. No amended motion was filed. In his motion, movant asserted his sentences are illegal and invalid because the punishment imposed is in excess of that authorized by law.

Movant's point on appeal is

The motion court erred in overruling movant's 24.035 motion because movant was improperly sentenced to four (4) fifteen (15) year sentences for class D felonies in excess of the punishment provided for class D felonies pursuant to Chapter 558, R.S.Mo.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Richardson v.*

*State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a postconviction relief motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

When movant pled guilty, the maximum penalty for a first offense under Chapter 195 was 20 years' imprisonment. § 195.200.1, RSMo 1978. Effective March 17, 1986, the statute movant was charged under, § 195.170, was amended to make the crime a class D felony. § 195.170, RSMo 1986. At the time movant's sentences were imposed, the maximum term of imprisonment for a class D felony was five years. § 558.011.1(4), RSMo 1986.

■ When a specific statute is enacted subsequent to a more general statute and the two conflict, the specific statute, to the extent it conflicts with the general statute, is an exception to, or qualification of, the general statute. *State v. Mangiaracina,* 344 Mo. 99, 103–04, 125 S.W.2d 58, 60 (1939). Section 195.200 is a general punishment provision for the crimes found in Chapter 195. *See* § 195.200, RSMo 1986. The portions of § 195.200 relevant here have remained unchanged during movant's case and follow:

Any person violating any provision of this chapter relating to Schedule I or II is punishable as follows:

(1) For the first offense, ... by imprisonment in a state correctional institution for a term of not more than twenty years....

§ 195.200.1, RSMo Supp.1988. In contrast, effective March 17, 1986, § 195.170 was

1. We rely on the court's docket sheets for these dates and facts.

amended to specifically affix a punishment for the crime of fraudulently attempting to obtain a controlled substance:

> Fraudulently attempting to obtain a controlled substance is a class D felony.

§ 195.170.2, RSMo.1986. The maximum punishment for a class D felony follows:

> The authorized terms of imprisonment, including both prison and conditional release terms, are:
>
> (4) For a class D felony, a term of years not to exceed five years....

§ 558.011.1(4), RSMo 1986. After March 17, 1986, the punishment provisions for class D felonies apply to the crime of fraudulently attempting to obtain a controlled substance to the extent they conflict with the general punishment provisions found in § 195.200; therefore, after March 17, 1986, the maximum punishment allowed by law for the offense of fraudulently attempting to obtain a controlled substance is five years. Compare §§ 558.011.1(4) and 195.200.1, RSMo 1986.

■ The remaining issue is, which statutory provisions apply in movant's case? The statute addressing this question follows:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, *except* ... that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

§ 1.160, RSMo 1986. (Emphasis ours). This statute has remained unchanged from before movant's case began. A suit is "pending" for purposes of § 1.160, RSMo 1986, from the time it is instituted until a final determination is made which disposes of the case. *State v. Reiley*, 476 S.W.2d 473, 474 (Mo.1972).

A suspended imposition of sentence is not an appealable order for purposes of direct appeal, *State v. Lynch*, 679 S.W.2d 858 (Mo. banc 1984), and was not a "judgment" for purposes of applying for trial de novo in circuit court when such applications were available for certain criminal cases tried in associate circuit court, *State v. Pepper*, 686 S.W.2d 53 (Mo.App.1985);[2] therefore, a case is still "pending" after the court suspends imposing sentence. Because the 1986 amendment to § 195.170 effected a mitigation of the penalty for violating the statute while movant's case was pending, movant was entitled to the benefit, on each count, of the new lower maximum punishment of five years' imprisonment. *See State v. Newkirk*, 677 S.W.2d 905 (Mo.App.1984); *Reiley*, 476 S.W.2d at 473. The conclusion of the motion court that the punishment imposed on movant is not in excess of that allowed by law is clearly erroneous.

Judgment reversed and cause remanded for resentencing.

---

**2.** Now, no criminal cases tried in associate circuit court are subject to application for trial de novo in circuit court, but, rather, may be appealed directly. *See* § 512.180.2, RSMo 1986.