STATE of Missouri ex rel. Raymond
A. STREETER, Relator,

v.

The Honorable William F.
MAUER, Respondent.

No. WD 55922.

Missouri Court of Appeals,
Western District.

Feb. 23, 1999.

Joseph Y. Decuyper, Jr., Kansas City, for relator.

Beth A. Murano, Asst. City Prosecutor, Kansas City, for respondent.

Before: EDWIN H. SMITH, P.J., and SPINDEN and LAURA DENVIR STITH, JJ.

EDWIN H. SMITH, Presiding Judge.

This is an original proceeding in prohibition and mandamus wherein the relator, Raymond A. Streeter, seeks to prohibit the respondent, the Honorable William F. Mauer, Circuit Judge of the Sixteenth Judicial Circuit, from dismissing his applications for trial *de novo* with respect to his convictions in the Kansas City Municipal Division of the Circuit Court of Jackson County (the municipal division) in cases MA98–0378, MA98–0379, MA98–0380, and MA98–0381. This court issued its preliminary writ of prohibition on July 2, 1998, ordering the respondent to reinstate the relator's applications and prohibiting him from executing the sentences imposed by the municipal division and taking any other action other than to set reasonable bonds and/or hear the applications. The respondent had dismissed the relator's applications for trial *de novo* pursuant to Rule 37.71,[1] finding that he had made payments in partial satisfaction of the "costs of the judgment[s]" in his municipal cases. The relator claims that because he was initially granted a suspended imposition of sentence (SIS) there was no final judgment at the time he made the payments which would have triggered the trial *de novo* waiver of Rule 37, and therefore, the respondent lacked any authority or jurisdiction to dismiss his applications pursuant to the rule.

The writ is made absolute.

## Facts

On August 13, 1996, the relator was found guilty by the Honorable John B. Williams in the Municipal Division of the Jackson County Circuit Court in cases MA98–0378, MA98–0379, MA98–0380, and MA98–0381 of four violations of the city's maintenance code for failing to protect the exterior surfaces of certain of his buildings from weathering. Judge Williams entered his "Judgement/Order" on a preprinted form as to each, granting him a SIS, and placing him on probation for 730 days. On the form judgments/orders, initialed by the judge, no jail sentences, fines, or costs were imposed nor was any "*de novo* bond" set. Contrary to these form "judgements/orders," there were form probation orders found in the case files, which were unsigned by the judge and the relator, which read, in pertinent part, as follows: "I acknowledge that: (1) I have been ordered to pay a fine of $ *20* on or before September 12, 1996." Also, in each case file was a "Probation Status Order," reading:

PAID IN FULL

09/11/96 TERM=MCLJ TELL=A
TRAN# 0017 REVD $20

DEPOSIT TO MUN. COURT
# 011000096636 CTPP

Also in each case file were two documents designated as "Deferred Fine," one dated January 14, 1998, and one dated February 25, 1998, both stating a fine of $20 which had been paid. The certified records of the municipal court stated that the relator, as a result of being found guilty on August 13, 1996, was given a SIS with probation on each charge, but nonetheless was sentenced to pay a fine of $2 and costs of $18.

The relator's probation was revoked by the municipal division on February 25, 1998. He was then sentenced on each charge, by the Honorable Deborah Neal, to 180 days in jail and a fine of $500. From these convictions, the relator filed applications for trial *de novo* on the court-approved forms, along with the required fees, in the Circuit Court of Jackson County on February 27, 1998. The applications were assigned to the circuit division presided over by the respondent.

On June 3, 1998, the City filed a motion to dismiss the relator's applications, alleging

---

1. All rule references are to the Missouri Rules of Civil Procedure, unless otherwise indicated.

that his $20 payments on September 11, 1996, were payments of "court costs of the judgment," requiring dismissal pursuant to Rule 37.71(b), governing trials *de novo.* That section provides: "An application for trial *de novo* shall not be granted after the satisfaction by the defendant of any part of the penalty and costs of the judgment." Rule 37.71(b). The motion was sustained by the respondent on June 5, 1998, based on the circuit court's finding that the relator had paid $20 in costs on September 11, 1996, on each charge, requiring dismissal pursuant to Rule 37.71(b). The cases were then ordered remanded back to the municipal division for execution of the sentences imposed with a 30–day stay to allow the relator to file an appropriate action with this court.

The relator filed his petition for prohibition with this court on June 9, 1998. The court issued its preliminary writ on July 2, 1998, ordering the respondent to reinstate the relator's applications and prohibiting him from executing the sentences imposed and taking any action, other than to set reasonable bonds and/or hear the applications.

## I.

The relator claims that the respondent exceeded his jurisdiction in dismissing, pursuant to Rule 37.71(b), his applications for trial *de novo,* finding that the relator's September 11, 1996, $20 payments were in partial satisfaction of the "costs of the judgment[s]" in his municipal cases, and thus, a trial *de novo* was barred by Rule 37.71(b). The relator contends that, for purposes of Rule 37.71(b), because he received a SIS on the charges against him, when he made his $20 payments, no judgments existed on which he could satisfy costs. Although the respondent concedes that the relator received a SIS on the charges against him, he contends that judgments existed for the purposes of Rule 37.71(b) and that the relator's $20 payments were in payment of costs.

 A writ of prohibition will lie to prohibit a court from acting beyond its jurisdiction or authority. *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861,

862–63 (Mo. *banc* 1986). A court exceeds its jurisdiction when it denies a right guaranteed by law. *State ex rel. Estill v. Iannone,* 687 S.W.2d 172, 175 (Mo. *banc* 1985). Likewise, mandamus will lie to reinstate a case improperly dismissed because the court misconstrued its jurisdiction to hear it. *State ex rel. City of St. Louis v. Litz,* 653 S.W.2d 703, 705 (Mo.App.1983). Hence, either prohibition or mandamus would lie in the instant case, requiring the circuit court to reinstate and proceed on the relator's applications for trial *de novo,* if he can show that his September 11, 1996, $20 payments did not constitute satisfaction of court costs of the judgment, as provided in Rule 37.71(b), the basis given by the court for dismissing his applications.

Rule 37 "governs the procedure in all courts of this state having original jurisdiction of ordinance violations." Rule 37.01. An "ordinance" is defined as "a law enacted by a municipality or county." Rule 37.06. Hence, Rule 37 would govern the ordinance violations in question here. And, "[i]f no procedure is specially provided by ... Rule 37, the judge having jurisdiction shall proceed in a manner consistent with judicial decisions, applicable statutes or other rules of [the Missouri Supreme Court]." Rule 37.08.

 Upon a finding of guilt in a judge-tried case of a municipal ordinance violation before a municipal judge who is licensed to practice law in Missouri, the defendant has a right to a trial *de novo* before a circuit judge or, by assignment, an associate circuit judge. § 479.200.2.[2] The application must be filed and perfected within ten days after judgment entry. § 479.200.2; Rule 37.71(a). As to what constitutes a judgment for purposes of Rule 37, Rule 37.64(d) reads, in pertinent part, as follows: "Judgment. A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and *sentence.*" (Emphasis added.) As to the right to a trial *de novo,* a municipal judge is required by Rule 37.64(c) to advise the defendant of a right to trial *de novo* only "[a ]fter imposing sentence." (Emphasis added.) In interpreting rules, we use the same rules used for interpreting statutes. *State ex rel.*

---

**2.** All statutory references are to RSMo 1994, unless otherwise indicated.

*Ott v. Bonacker,* 791 S.W.2d 494, 496 (Mo. App.1990). Thus, in interpreting the rules implicated here, we are to ascertain the intent of the court giving the words used their plain and ordinary meaning. *Mills v. Director of Revenue,* 964 S.W.2d 873, 875 (Mo. App.1998).

■ Giving the language of Rule 37.64(c), (d) and Rule 37.71(a) its plain and ordinary meaning, we read these subsections of the rule to mean that there is no right to a trial *de novo* with respect to a municipal ordinance violation, unless there is a sentence imposed resulting in a judgment of conviction. This reading is consistent with the holding of the Missouri Supreme Court that a suspended imposition of sentence, in the case of felonies and misdemeanors, does not result in a conviction or final judgment from which an appeal will lie. *Yale v. City of Independence,* 846 S.W.2d 193, 194–96 (Mo. banc 1993). We recognize that a trial *de novo* from a municipal ordinance conviction is distinguishable from an appeal from a state criminal conviction, the former resulting in a new prosecution of a quasi-criminal case. *City of Kansas City v. Johnney,* 760 S.W.2d 930, 931 (Mo.App.1988). However, we believe that the effect of a SIS on the right to a trial *de novo* in a municipal ordinance case would logically be the same in that, just like an appellate court does not acquire jurisdiction in a state criminal case until the trial court has exhausted its jurisdiction upon a sentence and final judgment being entered, *Evans v. State,* 779 S.W.2d 253, 255 (Mo.App. 1989), a circuit court does not acquire jurisdiction to hold a trial *de novo* as to a municipal ordinance violation while the same is still pending before the municipal division, which is the case where the municipal division imposes no sentence and enters no final judgment. *City of Jackson v. Southard,* 869 S.W.2d 280, 281–82 (Mo.App.1994); *Evans,* 779 S.W.2d at 255. As further support for the rule that we lay down here, that no trial *de novo* lies in a municipal case from a SIS, we would point to the fact that this was the rule when trials *de novo* to the circuit court were statutorily authorized for misdemeanor convictions before associate circuit judges. *Evans,* 779 S.W.2d at 255.

■ In the instant case, although there is a multitude of court documents at war with each other as to the actual disposition of the relator's cases on August 13, 1996, the record ultimately reflects that no sentences were imposed on that date by the municipal division that resulted in a judgment of conviction from which a trial *de novo* could be taken. *See Yale,* 846 S.W.2d at 195 (holding that no sentence is imposed in the case of a SIS). The question then becomes whether, pursuant to Rule 37.71(b), the relator's $20 payments of September 11, 1996, which were made prior to any imposition of sentence or entry of a judgment of conviction, worked to waive his right to take a trial *de novo,* a right that had not yet accrued.

As stated, *supra,* Rule 37.71(b) provides that "[a]n application for trial de novo shall not be granted after the satisfaction by the defendant of any part of the penalty and costs of the judgment." This rule provides for a waiver by a defendant of his or her right to a trial *de novo* in a municipal ordinance case where the defendant chooses to satisfy "any part of the penalty and costs of the judgment." Rule 37.71(b). As to this waiver, the relator contends that Rule 37.71(b) should be interpreted as providing that it applies only where there exists a final judgment at the time of the full or partial satisfaction of the penalty or costs. On the other hand, the respondent contends that the "judgment" contemplated by the rule does not require a final judgment, but only a judgment for costs.

Having determined, *supra,* that "judgment," as used in Rule 37 to determine when a trial *de novo* can be taken, means a final judgment where sentence is imposed, it is axiomatic that the waiver envisioned by Rule 37.71(b) would not occur unless the right to a trial *de novo* had already accrued, or in other words, final judgment of conviction had already been entered at the time of full or partial satisfaction of the penalty or costs. This is so in that to hold otherwise would violate due process in the case of a SIS. *See State v. Gollaher,* 905 S.W.2d 542, 547 (Mo. App.1995) (holding that to declare a denial of due process, we must find a denial of fundamental fairness). In the case of a SIS,

where by definition no penalty is imposed, court costs can be ordered paid by a date certain with nonpayment resulting in contempt proceedings, as occurred in the case at bar. This then could result in the untenable and fundamentally unfair situation of the defendant being forced to pay the costs imposed or go to jail for contempt, because the alternative of pursuing a trial *de novo* did not yet exist, but in paying the costs, waived that right, if and when it did accrue.

The respondent argues that even if we find that a sentence and final judgment was required in order for the waiver of Rule 37.71(b) to apply, the relator's $20 payments of September 11, 1996, were in satisfaction of costs as to the final judgments ultimately entered by the municipal division on February 25, 1998. With respect to this argument, the respondent asserts that the relator could have avoided the waiver had he taken the initiative to advise the court that he desired that his previous payments be applied to his trial *de novo* application fees, and that in failing to do so, his payments were treated in the court's accounting system as a "deposit," which the court chose to allocate to court costs. This argument is without merit.

The payments in question occurred approximately one and one-half years prior to any final judgment being entered against the relator, which, as discussed, *supra*, triggered his right to file an application for trial *de novo*. The state of confusion as to what the payments were for is self-evident by the multitude of warring documents produced by the municipal court, as noted in our recitation of the facts, *supra*. It is obvious that the court, let alone the relator, was not certain as to exactly what the relator's $20

payments were in satisfaction of. Moreover, at the time the final judgments were entered against the relator on February 25, 1998, and he was advised of his right to file applications for trial *de novo*, he was also advised that he would have to pay an application fee. As to payment of these fees, there is nothing in the record to indicate that the court advised him, or that he understood, he had on "deposit" $80 which could be applied in satisfaction of application fees, as the respondent contends. To suggest that, under these circumstances, the waiver of Rule 37.71(b) was triggered by the relator's September 11, 1996, payments, with which the court chose to satisfy costs, would violate any concept of fundamental fairness.

### Conclusion

For the reasons stated, the respondent, in dismissing the relator's applications for trial *de novo*, clearly exceeded his authority and jurisdiction. As such, our preliminary writ in prohibition is made absolute to prevent the respondent from exceeding his jurisdiction, *Noranda Aluminum*, 706 S.W.2d at 862, whereby he is prohibited from dismissing the relator's applications for trial *de novo* as a result of his $20 payments of September 11, 1996.

All concur.