STATE of Missouri,
Plaintiff/Respondent,

v.

Donald BECKER, Defendant/Appellant.

No. ED 77441.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 2000.

Douglas R. Hoff, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Donald Becker, was indicted for sodomy in violation of Section 566.060 RSMo (Cum.Supp.1990), for engaging in hand-to-genital contact with his eleven-year-old daughter in 1991. Before his trial, the legislature repealed this statute and enacted new statutes. Under the new statutes hand-to-genital contact was no longer included in the definition of sodomy, Section 566.062.1 RSMo (1994), but fell within child molestation, first degree. Section 566.067.1 RSMo (1994). Defendant was tried under the 1990 statute and was found guilty. The trial court sentenced him to life imprisonment, the maximum sentence under the 1990 statute. Section 566.060.2 RSMo (Cum.Supp.1990). We affirmed the judgment, but subsequently recalled our mandate and ordered that defendant be resentenced to a term not to exceed seven years, the maximum sentence under the first-degree child molestation statute. Sections 558.011.1(3) RSMo (1994); 566.067.2 RSMo (1994). On appeal defendant argues that the trial court plainly erred in not amending his conviction to reflect the offense of child molestation instead of sodomy. We affirm.

Section 1.160 RSMo (1994) governs this situation. It provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

This statute "requires that a defendant be tried for the offense as defined by the law that existed at the time of the offense, but the defendant is to be punished in accordance with the new law if the punishment prescribed has been reduced." *State v. Edwards*, 983 S.W.2d 520, 521 (Mo. banc 1999); *see also State v. Pritchard*, 982 S.W.2d 273, 273 (Mo. banc 1999).[1] Section 1.160 only allows the punishment for an offense to be reduced in accord with statutes enacted after the commission of the offense. It provides that the offense itself is not otherwise affected. This statute does not authorize the court to change the name of the offense from that in effect when the conduct constituting the offense took place.

The judgment of the trial court is affirmed.

JAMES R. DOWD, J. and ROBERT E. CRIST, Sr. J., concur.

---

1. Defendant relies on this court's opinion in *State v. Paro*, 952 S.W.2d 339 (Mo.App.1997). We are bound by the latest decisions of the Missouri Supreme Court in this case as expressed in *Edwards, Pritchard* and *State v. Graham*, 13 S.W.3d 290, 292 (Mo. banc 2000).