**Donald BECKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 79829.**

Missouri Court of Appeals,
Eastern District.
Division Three.

May 21, 2002.

Lawrence L. Pratt, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Donald Becker ("movant"), appeals from the judgment of the Circuit Court of the City of St. Louis dismissing his Rule 29.15 motion for post-conviction relief. We reverse and remand.

After a trial, a jury found movant guilty of sodomy in violation of section 566.060, RSMo Cum.Supp.1990, and the trial court sentenced him to life imprisonment. Movant filed a Rule 29.15 motion. Following an evidentiary hearing, the motion court denied the motion. Movant appealed both the judgment entered on his conviction and the judgment denying his Rule 29.15 motion. *See State v. Becker,* 982 S.W.2d 691 (Mo.App. E.D.1998). We affirmed the judgments, but subsequently recalled our

mandate and ordered movant be resentenced. *See State v. Becker*, 34 S.W.3d 857, 858 (Mo.App. E.D.2000). On January 7, 2000, he was resentenced to a seven-year prison term. We affirmed the direct appeal of that judgment. *Id.*

Two weeks after this Court issued its mandate, movant filed a *pro se* Rule 29.15 motion for post-conviction relief. In his motion, he included an *in forma pauperis* affidavit, swearing he was indigent and requesting to have counsel appointed to represent him. The motion court did not rule upon his request. A month later, the court dismissed movant's motion concluding as follows:

> Movant's motion makes several claims of ineffective assistance of *Appellate* counsel. Such claims should be presented to the appellate court in the form of a motion to recall the mandate.

Movant now appeals this judgment.

■ Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions are clearly erroneous only if after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Nolan*, 872 S.W.2d 99, 104 (Mo. banc 1994).

■ In his sole point relied on, movant argues the motion court clearly erred in dismissing his claim of ineffective assistance of appellate counsel on the grounds that such a claim is not cognizable in a Rule 29.15 proceeding. Movant contends Rule 29.15(a) states otherwise.

As the state concedes, movant's argument is valid. Prior to 1996, claims of ineffective assistance of appellate counsel could not be asserted in a timely filed Rule 29.15 motion. *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994). Only a motion to recall the appellate court's mandate could raise such claims. *Id.* However, in 1995, Rule 29.15(a) was amended, effective January 1, 1996, to read:

> A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

Through this amendment, a Rule 29.15 motion became the proper vehicle for raising a claim of ineffective assistance of appellate counsel. *State v. Turner*, 972 S.W.2d 438, 440 (Mo.App. E.D.1998).

Apparently, the motion court found that the pre–1996 version of Rule 29.15 governed movant's claim. This finding was clearly erroneous. The amended version of Rule 29.15(a) governs all proceedings in which the trial court pronounced sentence on or after January 1, 1996. Rule 29.15(m). Here, the trial court sentenced movant, on January 7, 2000, to seven years' imprisonment on the sodomy charge. Thus, the motion court should have applied the amended version of Rule 29.15.

We note that our holding is limited to a determination that movant timely filed a Rule 29.15 motion in which a claim of ineffective assistance of appellate counsel may be raised. We have not addressed whether movant's specific claim of ineffective assistance of appellate counsel may be raised in this proceeding because counsel may amend the motion on remand. Nor have we addressed whether the other procedural requirements of Rule 29.15 have been met.

Accordingly, we reverse the judgment and remand for further proceedings under Rule 29.15, including a determination of whether movant is indigent and, thus, entitled to have counsel appointed.

CLIFFORD H. AHRENS and GLEN A. NORTON, JJ., concur.