In re Kevin M. BARR, Petitioner,

v.

Troy L. STEELE, Warden, Southeast
Correctional Center, Respondent.

No. SD 29691.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 9, 2009.

■■■■■■■■■■■■■■■■■■■■

---

Kevin M. Barr, Charleston, MO, pro se.

Stephen D. Hawke, Jefferson City, MO, for Respondent.

Before BATES, P.J., BARNEY, J., and BURRELL, J.

## ORIGINAL PROCEEDING
## IN HABEAS CORPUS
## WRIT GRANTED

PER CURIAM.

Kevin M. Barr ("Petitioner") filed a petition for writ of habeas corpus in this Court challenging the lawfulness of his confinement in the Missouri Department of Corrections pursuant to a judgment of conviction and sentence entered by the circuit court of Polk County, Missouri, on October 25, 2004. Finding merit in Petitioner's claim, he is ordered remanded to the circuit court of Polk County for resentencing.

The facts are not in dispute. On July 20, 2004, Petitioner was charged with stealing anhydrous ammonia in violation of § 570.030.4, RSMo Cum.Supp.2003, a class B felony.[1] On September 27, 2004, Petitioner pled guilty to that crime. On August 28, 2004, one month prior to Petitioner's guilty plea, Senate Bill No. 1211 took effect. That bill changed the classification of the crime with which Petitioner had been charged from a class B felony to a class C felony.[2] On October 25, 2004, Petitioner appeared before the Polk County circuit court and was sentenced to fifteen years' imprisonment: the maximum sentence allowed for a class B felony.[3]

■ In this original proceeding, Petitioner claims his confinement is unlawful because he was entitled to receive the benefit of the 2004 amendment to § 570.030, namely, that he could only be sentenced to a term of imprisonment within the range of punishment for a class C felony. Petitioner relies heavily upon § 1.160 which "requires that a defendant be tried for the offense as defined by the law that existed at the time of the offense, but the defendant is to be punished in accordance with the new law if the punishment prescribed has been reduced." *State v. Edwards*, 983 S.W.2d 520, 521 (Mo. banc 1999). "If a court imposes a sentence that is in excess of that authorized by law, habeas corpus is a proper remedy." *State ex rel. Osowski v. Purkett*, 908 S.W.2d 690, 691 (Mo. banc 1995).

■ Here, while Petitioner was properly convicted under the 2003 version of § 570.030, he was improperly sentenced to a term of years beyond the maximum allowed by the law in effect at the time of his sentencing. Petitioner receives the benefit of the law that reduced the range of punishment for his crime because the amendment to § 570.030—lessening the range from that of a class B felony to that of a class C felony—took effect after the date of his offense, but prior to the date of his sentencing. "Section 1.160 . . .

---

1. Unless otherwise indicated, all statutory references are to RSMo (2000).

2. "The theft of any amount of anhydrous ammonia . . . is a class C felony." § 570.030.4, RSMo Cum.Supp.2004. Under § 558.011.1(3), RSMo Cum.Supp.2003, a class C felony carried a maximum prison term of seven years.

3. The range of punishment for a class B felony was "a term of years not less than five years and not to exceed fifteen years." § 558.011.1(2), RSMo Cum.Supp.2004.

provides that, when the punishment is reduced or lessened after the time of commission of an offense and while a prosecution is 'pending,' the accused is entitled to the advantage of the less severe punishment or sentence." *Merriweather v. Grandison,* 904 S.W.2d 485, 486 (Mo.App. W.D.1995).

 "A case is pending until a final determination is made." *Soto v. State,* 858 S.W.2d 869, 871 (Mo.App. S.D.1993). "In criminal cases, a judgment becomes final when a sentence is entered." *Stevens v. State,* 208 S.W.3d 893, 894 (Mo. banc 2006). Moreover, "the provisions of § 1.160 apply to cases pending on appeal." *State v. Sumlin,* 820 S.W.2d 487, 490 (Mo. banc 1991). As such, a case is considered pending for purposes of § 1.160 "until direct review is exhausted." *Hawkins v. State,* 854 S.W.2d 606, 607 (Mo.App. S.D.1993). Because the 2004 amendment to § 570.030 took effect while Petitioner's criminal case was still pending (no sentence and judgment having been entered), he was entitled to the benefit of the amendatory law, i.e., the trial court could only sentence Petitioner to a maximum term of seven years—the maximum punishment allowed for a class C felony.

Respondent seemingly acknowledges the foregoing. In his brief, Respondent assumes the "sentencing claim has merit," but focuses his argument on what should take place upon resentencing. He claims that, if this Court orders Petitioner remanded to the circuit court for resentencing, Petitioner's case will thereby again be "pending" for purposes of § 1.160 and the trial court would then have to apply the current version of § 1.160 instead of the 2000 version. Under the current version of § 1.160, RSMo Cum.Supp.2008, an accused is *not* entitled to the benefits of an amendment to the law that lessens the penalty or punishment. Similarly, Respondent contends that, even if the 2000 version of § 1.160 should be applied upon remand, Petitioner would still be entitled to no relief because the current version of § 570.030 again classifies the crime he pled guilty to as a class B felony.[4]

For principal support, Respondent relies upon *Evans v. State,* 779 S.W.2d 253 (Mo. App. E.D.1989), arguing that "in the situation where a writ is granted with an order for resentencing, then the criminal case is pending for purposes of § 1.160 analysis." We disagree, however, with Respondent's characterization of *Evans.* In *Evans,* the defendant pled guilty in 1981. The trial court suspended the imposition of any sentence and placed the defendant on probation. *Id.* at 254. In 1987,[5] the trial court revoked the defendant's probation and sentenced him to serve concurrent terms of 15 years' imprisonment on each count. *Id.* One year earlier, however, the punishment provisions at issue had changed such that the defendant could only be sentenced to a maximum of 5 years' imprisonment on each count. *Id.* at 255. The *Evans* court found that the defendant's case was still pending when the law changed in 1986 because no sentence had yet been imposed—the court having previously granted a suspended imposition of sentence.[6]

---

4. In 2005, Section 570.030 was amended to change the crime back from a class C felony to a class B felony. *See* § 570.030.4, RSMo Cum.Supp.2005. The statute has remained unchanged from 2005 to the present.

5. The defendant's probation did not expire by operation of law in 1986 because a capias warrant was issued and the defendant's probation was suspended when he absconded from supervision in 1985.

6. A suspended *execution* of sentence is a final judgment whereas a suspended *imposition* of sentence is not. *State ex rel. Poucher v. Vincent,* 258 S.W.3d 62, 66 (Mo. banc 2008).

*Id.* Because his case was still pending (no sentence having yet been imposed), the defendant was entitled to the lesser punishment provisions of the amended law pursuant to § 1.160. *Id.* The *Evans* court reversed the trial court's decision on the defendant's Rule 24.035 motion and remanded the case for resentencing. *Id.* *Evans* was not a habeas case and does not stand for the proposition asserted by Respondent.

This case is more akin to *Merriweather, supra.* There, the defendant pled guilty to possession of cocaine in 1986 and was placed on probation without a sentence being imposed. 904 S.W.2d at 485. In 1992, the trial court revoked probation and sentenced the defendant to serve a ten year sentence. *Id.* Three years earlier, however, the punishment provision for the crime at issue had been reduced to a maximum of seven years. *Id.* at 485–486. The *Merriweather* court determined that the defendant's claims could be raised via a petition for writ of habeas corpus. *Id.* at 486–489. More importantly, the *Merriweather* court addressed which version of § 1.160 would govern the case. The respondent warden argued that the then-current version of § 1.160 (which was enacted after the defendant's sentence had been imposed) would apply and bar relief. *See* § 1.160(2), RSMo Cum.Supp.1993. That argument was rejected. Instead, the court determined that the 1986 version of § 1.160 governed because it was the version in effect when the defendant was sentenced and did not change until after his sentencing had occurred. *Id.* at 486.

■■ Simply stated, the *Merriweather* case stands for the proposition that a case is not considered "pending" for purposes of § 1.160 when a defendant is remanded to the trial court solely for resentencing.[7] In *Merriweather,* the criminal case was still pending when the amendment to the penalty provision took effect. Based on its holding, a court must use the version of § 1.160 in effect at the time the original sentencing took place to determine if a defendant was entitled to the amendatory benefits. Once a case becomes final, later amendments to § 1.160 are irrelevant.

The rationale that a case is no longer pending for purposes of § 1.160 when a defendant is remanded solely for resentencing is particularly *apropos* in Petitioner's case. Here, we are dealing with a petition for habeas corpus, a *collateral* proceeding to the criminal case. *In re Competency of Parkus,* 219 S.W.3d 250, 254 (Mo. banc 2007); *State ex rel. Fowler v. Purkett,* 156 S.W.3d, 357, 359–360 (Mo. App. E.D.2004). Petitioner filed no direct appeal from his criminal conviction; thus, the case was final and no longer pending as of November 5, 2004, for purposes of § 1.160. *Hawkins,* 854 S.W.2d at 607. Simply remanding Petitioner for resentencing pursuant to the law in effect at the time of the original sentencing as the result of an ancillary proceeding attacking the legitimacy of that original sentence does not transform an otherwise final criminal case into a pending matter for purposes of § 1.160.

Petitioner is ordered remanded to the circuit court of Polk County for resentencing. Petitioner shall be sentenced pursuant to § 570.030.4, RSMo Cum.Supp.2004 for his conviction of a class C felony that carried a maximum sentence of seven

---

7. A manifest injustice results when a trial court sentences a defendant beyond the maximum allowed by law. *State v. Kimes,* 234 S.W.3d 584, 590 (Mo.App. S.D.2007). To accept Respondent's circular reasoning would leave a manifest injustice uncorrected. This we will not do.