Aaron W. WATKINS, Appellant,

v.

MISSOURI DEPARTMENT OF COR-
RECTIONS and Missouri Board of
Probation and Parole, Respondents.

No. WD 73279.

Missouri Court of Appeals,
Western District.

Aug. 9, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 2011.

Aaron W. Watkins, Appellant pro se.

Shaun J. Mackelprang and Terrence M. Messonnier, Jefferson City, MO, for respondents.

Before Division Two: JAMES M. SMART, JR., P.J., MARK D. PFEIFFER and CYNTHIA L. MARTIN, JJ.

PER CURIAM:

Aaron Watkins appeals from the trial court's dismissal of his Petition for Declaratory Judgment and Request for Summary Judgment. On appeal, he claims the Department of Corrections ("DOC") and the Board of Probation and Parole ("Board") improperly treated his unclassified rape conviction as a class A felony for purposes of calculating his parole eligibility. We affirm.

## Factual and Procedural Background

On May 12, 1992, Aaron Watkins committed the offense of rape. On February 10, 1995, Watkins entered a guilty plea to that offense and was sentenced to life imprisonment as a prior and persistent offender by the Circuit Court of St. Louis County. Watkins entered the Department of Corrections on February 16, 1995. At that time, his rape conviction was listed on the DOC's "Face Sheet"[1] as an "unclassified" felony.

On February 14, 2002, Watkins received a copy of an updated face sheet showing his rape conviction as a "Class A felony." On June 9, 2010, Watkins filed a *pro se* petition for declaratory judgment with the Circuit Court of Cole County against the DOC and the Board claiming that: (1) it was improper for the DOC to "change the classification" of his offense to a class A felony for purposes of calculating his parole eligibility; and (2) the DOC and the Board should be required to recalculate his life sentence as being equivalent to thirty years under section 558.019, RSMo,[2] as amended in 1994, for purposes of determining parole eligibility, instead of fifty years as required by the statute in effect at the time of his offense in 1992.

The DOC and Board filed a motion to dismiss on August 27, 2010, stating that even if the charged offense was initially listed as an "unclassified felony," Watkins's parole eligibility was properly calculated based on the law in effect at the time of the offense, pursuant to section 558.019, because he was sentenced as a prior and persistent offender and the authorized range of punishment was such that the rape conviction could properly be treated as a class A felony pursuant to section 557.021.3(1)(a), RSMo 1994. On September 1, 2010, Watkins filed a motion for summary judgment and request for judgment on the pleadings claiming that the DOC was not authorized to change the unclassified felony to a class A felony and adding a sixty percent minimum sentence, thus, requiring him to serve thirty years before being eligible for parole.

On October 18, 2010, the trial court granted the motion to dismiss Watkins's petition for declaratory judgment. In its judgment, the court found that section 558.019 clearly provided that the 1994 amendment applies prospectively to offenses that occurred after August 28, 1994; the amendment had no application to offenses committed prior to that date. The court further found that it was appropriate to treat the rape offense as a class A felony due to the authorized range of punishment for purposes of calculating parole eligibility under section 557.021.3(1)(a). Watkins filed a "Motion for Reconsideration," which was denied. He now appeals.

## Standard of Review

On an appeal from a motion to dismiss for failure to state a claim, the issue is whether the facts pleaded are sufficient to state a claim for relief. *Vance v. Griggs*, 324 S.W.3d 471, 474 (Mo.App. 2010). This court must determine whether the facts pleaded, liberally construed, are sufficient to state a valid claim for relief. *Id.* Appellate review of a grant of the judgment on the pleadings is limited to determining whether the pleadings demonstrate that the moving party is entitled to judgment as a matter of law and whether the judgment is justified. *Dykes v. Mo. Dep't of Corr.*, 325 S.W.3d 556, 558 (Mo.

---

1. The Department of Corrections keeps a record of an inmate's current and prior convictions, referred to as a "Face Sheet."

2. Statutory references are to the Revised Statutes of Missouri (RSMo).

App.2010). Therefore, appellate review in this case is *de novo*. *Vance*, 324 S.W.3d at 474.

### Point I: Calculation of Parole Eligibility

■ In his first point, Watkins argues that the trial court erred in granting the motion to dismiss his petition for declaratory judgment, claiming the DOC miscalculated his minimum prison term [3] for a life sentence for purposes of parole eligibility. Specifically, he claims the DOC improperly determined that his life sentence was fifty years under the version of section 558.019 in effect at the time of the offense in 1992, rather than thirty years under the amended version of section 558.019 in effect at the time of his sentencing in 1995.

Section 558.019 governs the minimum sentencing terms for purposes of determining parole eligibility. The pre-amended version of section 558.019, which was in effect at the time of the offense in 1992, stated, in pertinent part:

> 2. The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapter[ ] . . . 566 . . . RSMo, *and dangerous felonies* as defined in subdivision (8) of section 556.061, RSMo.
>
> . . . .
>
> (2) If the defendant is a persistent offender, the minimum prison term which the defendant must serve shall be *sixty percent of his sentence* [.]
>
> . . . .
>
> 4. For the purpose of determining the minimum prison term to be served, the

following calculators and definitions shall apply:

> (4) *A sentence of life shall be calculated to be fifty years* [.]

Section 558.019, RSMo Cum.Supp.1992 (emphasis added).

In 1994, the legislature amended section 558.019 and changed the calculation of a life sentence from fifty years to thirty years. Section 558.019.4(1), RSMo 1994. The amended statute stated in pertinent part:

> 4. For the purpose of determining the minimum prison term to be served, the following calculations shall apply:
>
> (1) A sentence of life shall be calculated to be thirty years[.]
>
> . . . .
>
> 7. The provisions of this section *shall apply only to offenses occurring on or after August 28, 1994.*

Section 558.019, RSMo 1994 (emphasis added).

■ The primary object of statutory interpretation is to ascertain the intent of the legislature and consider the words used in their plain and ordinary meaning. *Irvin v. Mo. Bd. of Prob. & Parole*, 34 S.W.3d 202, 205 (Mo.App.2000). The plain and clear language of the statute indicates that section 558.019, as amended, does not apply retrospectively to crimes that occurred before August 28, 1994. Section 558.019.7, RSMo 1994, clearly states that, *"[t]he provisions of this section shall apply only to offenses occurring on or after August 28, 1994."* This court has previously held that section 558.019, as amended in 1994, does not apply retrospectively for purposes of determining mandatory prison terms. *Phillips v. Mo. Dep't of*

---

3. For purposes of section 558.019, a "minimum prison term" means the time required to be served by an offender before he is eligible for probation, parole, conditional release, or other early release by the Department of Corrections. Section 558.019.7, RSMo Cum. Supp.1992.

*Corr.*, 323 S.W.3d 790, 793 (Mo.App.2010); *Stone v. Mo. Dep't of Corr., Prob. & Parole Bd.*, 313 S.W.3d 158, 161 (Mo.App.2010); *State v. Dean*, 898 S.W.2d 704, 706–07 (Mo.App.1995).

In this case, the crime was committed in May 1992, two years before the statute was amended. At the time of the offense, a life imprisonment sentence was deemed to be fifty years, pursuant to section 558.019.4(1), for purposes of determining parole eligibility. Pursuant to the plain and clear language of the statute, we find that the amended version of the statute does not apply retrospectively to an offense that occurred in 1992.

Nevertheless, Watkins argues that he is entitled to the benefit of the amended statute in effect at the time of his sentencing based on section 1.160. The 1994 version of section 1.160(2) provided in pertinent part:

> [I]f the penalty or punishment for any offense is reduced or lessened by *any alteration of the law creating the offense* prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law. [Emphasis added.]

■ Watkins argues that section 1.160(2), RSMo 1994, entitles him to the benefit of any changes in the law that might have lessened the punishment for his rape offense between the time he committed the offense in 1992 and the time he was sentenced in 1995. He maintains that because section 558.019 was amended prior to his sentencing, the DOC should recalculate his life sentence to be thirty years for parole consideration, instead of fifty years pursuant to the law in effect at the time he committed the offense.

Watkins's reliance on section 1.160 is misplaced, as that statute is not applicable here. Section 1.160(2), RSMo 1994, clearly stated that a defendant was entitled to the benefit of a reduced penalty or punishment by any *"alteration of the law creating the offense."* Section 1.160 applies only when the change in law has the effect of reducing the sentence based on a *change in the statute establishing the criminal offense,* but does not apply when the change in law is to *another* statute. *See State ex rel. Nixon v. Kelly,* 58 S.W.3d 513, 518 (Mo. banc 2001). In other words, "a defendant will be sentenced according to the law in effect *at the time the offense was committed* unless a lesser punishment is required by a change in the law creating the offense itself." *State v. Johnson,* 150 S.W.3d 132, 138 (Mo.App.2004) (emphasis added). This court has specifically held that section 1.160 is not applicable where the amendment was to section 558.019 and not to the statute creating the charged offense for which a defendant was convicted. *Dean,* 898 S.W.2d at 707.

Here, Watkins was convicted of forcible rape under section 566.030 and sentenced to life imprisonment under the statute. The statute was not altered prior to sentencing to lessen the life sentence that Watkins received after his conviction. The fact that section 558.019 was amended in 1994 is irrelevant, because section 558.019 is not the law that created the offense of which Watkins was convicted. Therefore, the fact that section 558.019 was amended after the commission of his crime but prior to sentencing does not provide him with the right to be resentenced according to the version of this statute that was in effect at the time of his sentencing. Since there was no change to the statute establishing his offense that would have reduced the punishment for his crime, section 1.160 does not assist Watkins.[4]

4. The cases cited by Watkins in support of his argument are inapplicable. *E.g., Barr v.*

In *Smith v. State*, 926 S.W.2d 563, 563–64 (Mo.App.1996), the defendant committed first-degree robbery and armed criminal action in 1993 and pleaded guilty to those crimes in 1995. As in the instant case, the defendant argued on appeal that under section 1.160(2), he was entitled to be resentenced under the amended version of section 558.019 for purposes of determining his minimum prison term. *Id.* at 564. In denying his claim, the appellate court held that "[t]o apply the revised standards to the offenses ... which occurred before the effective date of the revision would be in clear contravention of the unambiguous mandate of the legislature." *Id.*

Therefore, we find no error in the trial court's determination that section 558.019, as amended, applies only prospectively to offenses that occurred on or after August 28, 1994. Therefore, Watkins's life sentence is not subject to recalculation under the amended version of section 558.019 for purposes of determining parole eligibility. The DOC properly calculated the minimum term for life imprisonment to be fifty years.

## Point II: Felony Classification of Forcible Rape

■ In his second point, Watkins contends that the trial court erred in granting the motion to dismiss his petition for declaratory judgment because section 558.019 applies only to class A and B felonies regarding minimum prison terms before parole eligibility. He maintains that the minimum prison term requirements cannot be applied to unclassified felonies

and that the DOC was not authorized to change the classification of his offense to a class A felony, which effectively caused him to serve thirty years instead of fifteen years before becoming eligible for parole.

The records as to the rape offense do not use the terminology "unclassified" or "class A" in relation to the charge. The record reflects that Watkins appeared with counsel before the Circuit Court of St. Louis County on February 10, 1995, and entered a guilty plea for the charged offense of rape. The judgment states in pertinent part:

Defendant ... entered a plea of guilty to the offense charged, Rape, a Felony, committed on May 12, 1992. Accordingly, the Defendant is adjudicated guilty of the offense charged. The Defendant now comes before the Court for sentencing.

Evidence was presented on this day that the Defendant has pleaded guilty to or been found guilty of two or more felonies committed at different times and that the Defendant has served time of imprisonment of not less than (120) days in the Department of Corrections, and the Defendant was then found to be a Prior Offender and also a Persistent Offender pursuant to section 558.016, RSMo., and also a *Persistent Prison Offender pursuant to section 558.019, RSMo.*

The Defendant having no legal cause to show why judgment and sentence of this Court should not now be pronounced, the Defendant is sentenced to serve a term of Life Imprisonment, in

*Steele*, 294 S.W.3d 131 (Mo.App.2009) (statute establishing the charged offense was amended and penalty was reduced); *Talley v. Mo. Dep't of Corr.*, 210 S.W.3d 212 (Mo.App.2006) (section 558.019 was inapplicable where armed criminal action statute contained mandatory minimum sentencing terms under section

571.015); *State v. Becker*, 34 S.W.3d 857 (Mo.App.2000) (originally charged offense of sodomy was repealed by legislature and defendant's conduct was no longer included in definition of sodomy but fell within offense of first-degree child molestation, thereby reducing the penalty).

the custody of the Department of Corrections, for the offense charged; said sentence to run concurrently with sentences in cause numbers 93CR–6606, 93CR–5954 and 592631.

Therefore, the Defendant, having previously been found to be a Prior Offender and also a Persistent Offender pursuant to section 558.016, RSMo., and also a *Persistent Prison Offender pursuant to section 558.019, RSMo.*, it is ordered and adjudged by the Court that said Defendant be and is hereby committed to the custody of the Department of Corrections, for a period of Life Imprisonment, for the offense charged; said sentences to run concurrently with sentences in cause numbers 93CR–6606, 93CR–5954 and 592631[.]

When the offense occurred in 1992, there were two classes of forcible rape: (1) class A felony (sometimes referred to as "aggravated forcible rape")[5] and (2) unclassified felony rape. Section 566.030, RSMo Cum.Supp.1992. Nothing in the record indicates that Watkins was charged with the class A felony of (aggravated) forcible rape. The language of the judgment simply shows that Watkins entered a guilty plea to the charged offense of felony rape. In the absence of any clear language in the judgment or pleadings to establish that Watkins was charged with a class A felony, we assume that the rape conviction was for an unclassified felony. We note also that upon Watkins's admission to the custody of the Department of Corrections, Watkins's initial face sheet reflected the rape offense as an unclassified felony.

Assuming that Watkins pleaded guilty to the "unclassified felony" of forcible rape, we now address his claim that the DOC improperly changed the classification of his offense to a class A felony for purposes of determining parole eligibility. We acknowledge that the updated face sheet contained in the record (dated February 14, 2002), lists the rape conviction as a class A felony. There is no accompanying statement as to why the offense classification was changed. We assume that the "label" was changed for the administrative purposes of the Board and the Department of Corrections. Accordingly, we must determine whether the treatment of the offense as a class A felony affects any material, substantial right of Watkins in relation to the issue of parole eligibility under the circumstances of this case.

*Classification of a Felony under Section 557.021*

The State argues that the felony of rape, though not classified at the time of the offense, would qualify as a class A felony under section 557.021. Section 557.021 governs the classification of offenses outside the criminal code. Section 557.021.3(1)(a), states, in pertinent part:

3. For the *purpose of applying the . . . minimum prison term provisions of section 558.019, RSMo, . . .* offenses defined outside of this code shall be classified as follows:

(1) If the *offense is a felony:*

(a) It is a *class A felony if the authorized penalty includes . . . life imprisonment* or imprisonment for a term of twenty years or more[.] [Emphasis added.]

---

**5.** At the time of the offense, forcible rape was a felony for which the authorized term of imprisonment was five years to life. This offense was considered a class A felony if "in the course thereof the actor inflicts serious physical injury on any person, [or] displays a deadly weapon or dangerous instrument in a threatening manner[.]" Section 566.030.2, RSMo Cum.Supp.1992.

In this case, section 557.021.3(1)(a) would clearly apply to the unclassified felony of forcible rape. Pursuant to the plain and clear language of section 557.021.3(1)(a), the unclassified felony of forcible rape constitutes a class A felony for purposes of determining minimum prison terms under section 558.019, because the authorized punishment includes life imprisonment or imprisonment for a term of twenty years or more. Therefore, the wording of the face sheet treating Watkins's conviction for the unclassified rape felony as a class A felony for purposes of determining parole eligibility was an administratively convenient and practical way of categorizing Watkins's sentence and is not prejudicial to Watkins.

### Dangerous Felonies

 Although Watkins argues that section 588.019 applies only to class A and class B felonies, the minimum prison term provisions of section 558.019.2 also apply to "dangerous felonies," which under section 556.061(8) includes forcible rape. At the time Watkins committed his offense (and at the time of his sentencing), forcible rape was considered to be a dangerous felony under 556.061(8). Thus, regardless of the classification of his offense, Watkins is still subject to the minimum prison term provisions of section 558.019 in effect at the time of his offense.

### Persistent Offender Status

"Once [a] defendant is found to be a persistent offender, the enhancement provision is automatic." *Johnson v. State,* 938 S.W.2d 264, 266 (Mo. banc 1997). In this case, the trial court found Watkins to be a persistent offender pursuant to section 558.019. If a person was found to be a persistent offender, he was required to serve sixty percent of the sentence imposed. Section 558.019.2(2), RSMo Cum. Supp.1992. Based on the court's finding

that Watkins was a persistent offender, the DOC properly calculated his minimum prison term to be sixty percent.

Regardless of the classification of his offense as an unclassified felony or class A felony, Watkins was still subject to the minimum term provisions under section 558.019, based on either the express language of section 557.021 and/or pursuant to section 556.061 as a dangerous felony. Because Watkins was found to be a persistent offender subject to the minimum term provisions of section 558.019, the DOC and Board were authorized to require him to serve sixty percent of his sentence before being eligible for parole. For these reasons, we find the trial court did not err in granting the motion to dismiss the petition for declaratory judgment.

### Conclusion

We affirm the judgment.