Mark Alan STUCKER,
Petitioner-Respondent,

v.

Staci Leigh STUCKER,
Respondent-Appellant.

Nos. 46432, 46539.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 31, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied March 8, 1984.

Joseph R. Calhoun, Louisiana, for respondent-appellant.

Edward Rex Bradley, Louisiana, for petitioner-respondent.

KAROHL, Presiding Judge.

Husband and wife petitioned the trial court to dissolve an eighteen-month marriage. Wife appeals the award of primary care, custody and control of their eleven-month-old son to husband, and husband cross-appeals the award to wife of $900.00 in attorney's fees where wife offered evidence of a total fee of $1900.00. We affirm.

■ We first turn to wife's appeal. Generally, in a custody decision we defer to the trial court unless firmly convinced the welfare of the child requires a different disposition. *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 100–101 (Mo.App.1981). There was ample evidence here to support the trial court's determination. The pleadings and evidence reveal the teen-age parties were married on March 14, 1981, their son was born on October 3, 1981, and they separated on March 21, 1982. Before his birth the wife announced that she did not want to have the child. After he was born she was frequently gone during the evening and early morning hours leaving the child with the father. She neglected to feed the child properly and to timely care for his needs. The parents of both parties assisted the father in removing the child's care from the mother. During the separation husband had the custody of his son and the assistance of his mother. Wife lived in five different locations during the separation, between March and August, 1982.

Significantly, the trial judge had wife's written word to assist him in deciding the issue of custody. During the separation wife wrote a letter to her husband and a letter to her son, both of which became exhibits. In the letters she stated that the boy might be better off with his father, that the circumstances leading to the separation were her fault, and that she was not a very good mother. Wife did not contend that the father was unfit to have custody.

■ On these facts the tender years presumption urged by wife is not applicable. The presumption is not a strict rule to be applied; custody is a matter for the discretion of the trial court based upon the evidence in the particular case. *In Re Marriage of Barr*, 579 S.W.2d 833, 835 (Mo. App.1979). We find no abuse of discretion here in awarding custody to the father.

In his cross-appeal husband argues that the trial court abused its discretion in ordering him to pay $900.00 of the $1900.00 wife owed in attorney's fees. There is no issue as to the reasonableness of the total fee. Husband's argument goes only to wife's need and his ability to pay.

■ Except for a few items of furniture, her personal effects, $10.00 and a newly acquired job as a waitress, nineteen-year-old wife was destitute. She was to be paid $2.00 an hour plus tips at her new job, but she had not worked long enough to receive

a paycheck. There was more than sufficient evidence of her need. *See Rissler v. Rissler,* 541 S.W.2d 64, 66 (Mo.App.1976); *Larison v. Larison,* 524 S.W.2d 159, 161 (Mo.App.1975).

Evidence of the relative ability of the husband to pay is also required to support an award of attorney's fees to the wife. *See Winters v. Winters,* 617 S.W.2d 585, 591 (Mo.App.1981). Husband convinced the trial court of his ability to support himself and his son while living with his parents. He was twenty-years-old, had a $315.00 a month net income, an automobile and his personal effects. Prior to the separation he supported himself, his wife, and his son. No maintenance was awarded, and the decree removed any obligation on his part to provide for wife's needs.

We find no abuse of discretion in the award, considering the relevant factors, including the financial resources of both parties. § 452.355, R.S.Mo.1978.

The appeal and cross-appeal are denied. The judgment is affirmed in all respects. Costs of the appeal are to be paid one-half by each party.

REINHARD and CRANDALL, JJ., concur.