In re the Marriage of Andrew **PARKER,**
**Petitioner–Respondent,**

v.

Carole **PARKER,** Respondent–Appellant.

No. 67492.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1996.

Michael A. Peetz, Chesterfield, for Appellant.

Daniel E. Leslie, Union, for Respondent.

KAROHL, Judge.

Carole Parker (Mother) appeals temporary custody and visitation provisions in a dissolution decree which restricted time with her two children, ages six and eight, to periods in which "overnight visitors of the opposite sex unrelated by blood or marriage" are not present. She argues there was no substantial evidence to support imposing the restriction and there was no finding such visitation would endanger the children. She also argues the order is vague, overbroad, and ambiguous, thus void and unenforceable. Finally, she claims the restrictions are not in the best interest of the children.

In November, 1994, the trial court dissolved the 1986 marriage of the parties. In the decree, the court provided for custody and visitation as follows:

> Primary and sole legal and physical custody of [ZOP] and [SLP] is awarded to Petitioner Andrew Octavious Parker, subject to the right of Respondent Carol (sic) Lynn Parker to reasonable temporary custody of the minor children at all reasonable times with reasonable advance notice as the parties may be able to agree between themselves. In the event the parties are unable to agree, Respondent shall have the specific times of visitation and temporary custody as set forth in Court Exhibit A1, a copy of which is attached hereto and incorporated by reference. This shall be explicitly subject to the condition that Respondent shall have no overnight visitors of the opposite sex unrelated by blood or marriage.

Exhibit A1 provides for Mother to have the children overnight on certain weekends

and from 10:00 a.m. until 8:00 p.m. on certain holidays.

"A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development." Section 452.400.1 RSMo 1994. Restriction of temporary custody, § 452.380 RSMo 1994, does not depend on first finding endangerment of physical health or impairment of emotional development.

■■■ The court must make the finding of endangerment if it intends to restrict visitation. In its order, the trial court made no finding that visitation would endanger the physical health or impair the emotional development of the children. Nevertheless, it imposed restrictions on either temporary custody or visitation or both. It did so after providing for temporary custody and visitation by use of the word "this," not "these." The ambiguity is obvious because the reference may be to both or only one of the terms. Due to its vagueness, it is not possible to ascertain whether the restriction applies to visitation, temporary custody or to both.

The court failed to make the finding required by statute. Furthermore, the court's order is deficient because it is vague and ambiguous. "Provisions in a judgment should be definite and indefinite provisions are void and unenforceable." *In re Marriage of Brooke,* 773 S.W.2d 496, 499 (Mo. App.1989). The remedy is to remand for reconsideration of provisions for temporary custody and visitation.

This court has affirmed implicit findings of physical endangerment and impairment of emotional development although no express finding was made. *Van Pelt v. Van Pelt,* 824 S.W.2d 135 (Mo.App.1992); *Reding v. Reding,* 836 S.W.2d 37 (Mo.App.S.D.1992). In these cases, we found the great weight of the evidence in the record supported the court's implicit finding. *Van Pelt,* 824 S.W.2d at 137–138; *Reding,* 836 S.W.2d at 42. In *Van Pelt,* mother was gone and there was substantial evidence to support a finding improved homelife encouraged more normal behavior by the children. *Van Pelt,* 824 S.W.2d at 136–137. In *Reding,* the trial court ex-

pressly stated "all factors in § 452.400 were considered." *Reding v. Reding,* 836 S.W.2d at 42. Additionally, there was evidence Mother abducted the minor child for thirteen months. *Id.* She denied the child contact with Father and refused to provide adequate medical care for the child during that time. *Id.* Here, there is no evidence to support an implicit finding of physical endangerment nor impairment of emotional development. There was no evidence of physical abuse or harm to the children. Furthermore, no evidence was presented to show Mother's activities had any effect on the children. We reverse and remand to reconsider Mother's temporary custody and visitation rights, which will permit Father an opportunity to prove physical abuse or emotional impairment could be caused by Mother's conduct in the presence of her children.

Reversed and remanded.

REINHARD, P.J., and CRANDALL, J., concur.