Juan Manual RIOS, Appellant,

v.

Tammy Michelle RIOS, Respondent.

No. 66841.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1996.

W. Morris Taylor, Clayton, for appellant.

Deborah Benoit, St. Louis, for respondent.

RHODES RUSSELL, Presiding Judge.

Juan Manual Rios ("husband") appeals from the judgment dissolving his marriage to Tammy Michelle Rios ("wife"). Specifically, husband challenges the trial court's order prohibiting him from removing the couple's child from the United States without both the written consent of wife, as custodial parent, and prior authorization of the court. Husband also appeals from the imposition of maintenance and the award of wife's attorney's fees. Judgment is affirmed as modified herein.

Husband and wife were married on June 14, 1991. One child, Anthony Jacob Null-Rios ("child"), was born on May 10, 1992. The couple ultimately separated in approximately February 1993.

Husband was a 46 year old physician. He received his M.D. in 1973 in Lima, Peru. He became a naturalized citizen of the U.S. in 1983 and no longer retains Peruvian citizenship. During the marriage, husband operated a primary care medical practice out of two small offices in Bethalto and Collinsville, Illinois. Husband's gross adjusted income was as high as $101,113.00 in 1989. Husband's income decreased significantly in recent years, however, due to health and legal problems. During trial, husband sold his practice to another doctor and entered into an employment relationship with that doctor. Husband was earning approximately $3,600 per month.

Wife was 22 years old and had a high school degree. She also had training as a medical assistant. She met husband while working at his medical clinic. She was employed as a medical assistant and earned $7.66 per hour at the time of trial.

On April 9, 1992, husband filed a petition for dissolution of marriage. Wife filed a counter-petition requesting that husband be required to pay maintenance and attorney's fees. Husband was ordered to pay $750 per month in temporary maintenance and $250 per month in temporary child support. At trial wife testified that husband still owed her $2,200 in temporary maintenance. Husband admitted that he was three months delinquent.

On the third day of trial, after husband made an allegation of child abuse, the court appointed a guardian ad litem for the child. The guardian ad litem was present for the final day of trial.

The court granted wife primary legal custody of child as well as primary physical custody. Husband was given specific visitation rights and temporary custody of the child. In the event that the parties could not reach an agreement concerning custody and visitation, the court ordered that husband have the child every other weekend, alternat-

ing holidays, one evening during the week, and six weeks during the summer. In addition, the court ordered that:

Residence of said child shall not be changed from the State of Missouri, nor shall said child be: a) removed from the State of Missouri for more than ninety (90) days without prior specific authorization of the Court or written consent of the non-custodial parent or b) removed from the United States without prior specific authorization of the Court on written consent of the custodial parent.

The dissolution order also required husband to pay $669 per month in child support. That amount was arrived at by applying Form 14 and inserting wife's evidence of her current monthly income as $1,328.00 and husband's evidence of his current monthly income as $3,467.00. Finally, the court also ordered husband to pay $200 per month to wife in maintenance and $8000 for wife's attorney's fees. This appeal now follows.

In his first point on appeal, husband argues that the trial court erred in prohibiting him from removing the child from the United States without both court authorization and the written consent of wife as the custodial parent.

■ The trial court's decision must be affirmed unless it is against the weight of the evidence, it is unsupported by substantial evidence, or it misstates or misapplies the law. *Riley v. Riley,* 904 S.W.2d 272, 275 (Mo.App.1995). In child custody determinations, the trial court's decision is given greater deference than in other cases. *Basler v. Basler,* 892 S.W.2d 749, 750 (Mo.App.1994).

■ Husband argues that the court erred in restricting his right to take his child outside of the country without a finding that it would impair the child's physical health or impair his emotional development. This assertion is without merit.

The restriction imposed by the court only affected the manner in which husband could exercise his temporary custody of the child. A restriction on temporary custody does not require a finding of impaired physical or emotional development. *Parker v. Parker,* 918 S.W.2d 299, 300 (Mo.App.1996).

■ Husband also argues that the trial court was without authority to restrict husband's travel with child, as wife's counter-petition did not specifically request such a restriction. This point is also without merit. Husband cites no case law suggesting that a party must request every specific detail of a custody arrangement in its petition. The trial court has jurisdiction to fashion custody and visitation terms that are in the best interest of the child. *McElroy v. McElroy,* 910 S.W.2d 798, 805 (Mo.App.1995). Furthermore, Wife did testify at trial that she did not want husband to take the two year old child to Peru.

■ Husband's final argument against the restriction on his ability to take the child out of the country is that there was no evidence presented to the trial court that he would not return the child if allowed to travel abroad. Husband testified that although he is originally from Peru and still had a sister living there, he did not retain his citizenship. Furthermore, he stated that if he did travel to Peru with child, he would return the child to wife. Therefore, husband argues that the trial court had no basis to restrict his travel with the child. We disagree.

Husband did testify that he would like to someday take child to Peru for a visit. The court was within its authority to place restrictions on such travel which could potentially take the two year old out of the country for a length of time up to six weeks.

■ We do, however, modify paragraph 11 of the order of the trial court to allow Husband to remove his child from the United States with either prior specific authorization of the Court or written consent of the custodial parent. Paragraph 11 should now read:

Wife shall have the care, custody and control of the minor child, namely, Anthony. Residence of said child shall not be changed from the State of Missouri, nor shall said child be: a) removed from the State of Missouri for more than ninety (90) days without prior specific authorization of the Court or written consent of the non-custodial parent or b) removed from the United States without prior specific autho-

rization of the Court or written consent of the custodial parent.

The order entered by the trial court would have required the written consent of the custodial parent before the court could even consider allowing husband to remove the child from the United States. That order gave wife a complete veto over husband's travel plans, without affording him the opportunity to take the matter up with the court. Such an order was not supported by the evidence. Husband's point is denied except to the extent in which this court has modified the order.

■ In his second point on appeal, Husband argues that the trial court erred in ordering him to pay $200.00 per month in maintenance. Husband contends that there was insufficient evidence upon which the trial court could conclude that Wife was unable to provide for her reasonable needs through her own separate property and employment.

■ Maintenance awards are reviewed only for abuse of discretion. *Jung v. Jung,* 886 S.W.2d 737 (Mo.App.1994). An abuse of discretion occurs when a ruling is clearly against the logic of the circumstances and is so arbitrary as to shock one's conscience and indicates a lack of consideration. *In re Marriage of Vinson,* 839 S.W.2d 38 (Mo.App. 1992). No such abuse of discretion occurred in this situation. Wife was employed at the end of the trial as a medical assistant earning $7.66 per hour. This employment was appropriate given her educational background. Such employment gave her a gross income of $1,327.00 per month. She submitted an income and expense statement to the court indicating expenses of $2,557.62 per month. Even with the $669 per month of child support, wife was left with a substantial shortfall in her monthly expenses. While husband challenges the expense report, it is not the role of this court to weigh the evidence again. The expense report provided sufficient evidence for the trial court to impose $200.00 per month in maintenance. Point denied.

■ In his final point on appeal, husband challenges the court's order that he pay $8,000 of wife's attorney's fees. Husband claims that the court did not take into consideration all relevant factors, including the fact that husband was responsible for a mortgage on his failed medical practice, that husband had his own substantial legal bills, and that husband had been required to pay significant temporary maintenance and child support to wife.

Section 452.355 RSMo 1994 gives the trial court the authority to order one party to pay the reasonable attorney's fees of another party after considering, "all relevant factors including the financial resources of both parties." The trial court's allocation of attorney's fees will only be overturned if complainant can show that the court abused its broad discretion. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo.banc 1979). Husband has failed to do so in the present case. The evidence presented to the trial court clearly indicated that Husband had greater financial resources than wife and was better able to afford the attorney's fees. Wife's counsel presented evidence to the court concerning his hourly fees and the total amount of work done. As the trial court is an expert in the area of attorney's fees, this was sufficient to prove the reasonableness of the fees. *In re Marriage of Kovach,* 873 S.W.2d 604 (Mo. App.1993). We find no abuse of discretion. Point denied.

We affirm the judgment as modified herein.

SIMON and KAROHL, JJ., concur.