**Stephanie E. KOCSIS, Respondent,**

v.

**John C. KOCSIS, Appellant.**

**No. ED 77443.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 17, 2000.

Michael A. Turken, Turken & Associates, P.C., St. Charles, for appellant.

Virginia L. Busch, St. Charles, for respondent.

SIMON, Judge.

John Kocsis, husband, appeals from a default judgment in a dissolution action in favor of Stephanie Kocsis, wife. Stephanie Kocsis, wife, and John Kocsis, husband, were married on November 4, 1995. Three children were born during the marriage: Kayla on April 23, 1996; Hanna on December 8, 1997; and Gabrielle on July 24, 1999. Gabrielle was born after the parties separated on June 5, 1998. Husband raises two points on appeal. First, that the trial court's refusal to set aside the default judgment was an abuse of its discretion because husband timely filed a motion to set aside and an affidavit showing good cause and a meritorious defense. Second, that the trial court lacked subject matter jurisdiction to enter its orders of maintenance, attorney fees, disproportionate division of debt, and restrictive visitation. We affirm in part and reverse in part.

Wife filed a petition for dissolution of marriage on October 30, 1998, and the Sheriff of Allen County, Indiana, served a summons on husband on November 25, 1998. In her petition, wife requested the primary care, control and custody of the children subject to husband's reasonable rights of temporary custody and visitation. She also requested the trial court to order husband to pay child support, maintain health insurance for the children through his employer, and to contribute to the uninsured medical expenses of the children. She further requested a fair and equitable division of marital property and debt, that each party pay his or her attorney fees, and that the two parties equally divide court costs. She also stated that she was unemployed, and that husband was presently employed.

In the proposed parenting plan attached to the petition, wife also requested primary custody of the two minor children, visitation to husband of one weekend per month, certain holidays and two weeks of summer vacation once the children attain the age of four. The plan also provided that if husband returned to and resided in the St. Louis Metropolitan Area, he would receive visitation on alternating weekends, one evening per week, six weeks during the summer, and more extended holidays.

Husband did not respond to the pleadings. On March 4, 1999, wife filed a motion for temporary maintenance, child support, attorney fees, suit money, and costs pendente lite. Husband did not appear, and the trial court ordered husband to pay $713 per month in child support, awarded wife $300 per month in maintenance, and awarded wife $500 in attorney fees.

On May 4, 1999, wife provided a notice of default hearing for May 28, 1999. The record does not reveal what, if anything, occurred on May 28, 1999. The parties' third child, Gabrielle Kocsis, was born on July 24, 1999. Wife did not amend her petition to reflect the birth of Gabrielle. On August 19, 1999, after written correspondence between wife's attorney and husband, wife appeared before the trial court, represented that the cause had been settled, and requested that it be continued to the affidavit docket on August 30, 1999. On August 30, the case was called and set for trial on December 4, 1999.

In the month of October, 1999, wife filed a notice of default hearing for October 18, 1999, then two amended notices of default hearing, the first for October 25, 1999 and the second for November 4, 1999. On

November 4, 1999, the hearing was held, but husband did not appear. The trial court entered a default judgment in favor of wife.

The trial court found that it had jurisdiction over the case and that there were three minor children born of the marriage. It accepted the Form 14 submitted by wife. It further ordered husband to pay $1,422.57 per month in child support and one dollar per month in maintenance. It found that there was no marital property but ordered husband to pay a list of marital debts. The trial court also ordered that the parenting plan filed by wife become the order of the court and that husband pay wife's attorney fees.

The parenting plan incorporated into the trial court's order differed from the one attached to wife's petition in that it provided only for husband to have visitation rights with Kayla. Visitation with the two youngest children would be by agreement of the parties "due to the fact that [husband] has had very limited contact with Hanna Kocsis since the date of the separation and two hours of contact with the youngest child, Gabrielle Kocsis." As of November 4, 1999, husband had seen Hannah three times in the previous two years and spent about two hours with Gabrielle. His contact with Kayla was somewhat more extensive.

On December 3, 1999, husband filed a motion to set aside the default decree and an accompanying affidavit. To show good cause, the motion stated that the procedural history of the case was difficult for husband to follow. To show a meritorious defense, the motion stated that the awards of maintenance and attorney fees were not requested in wife's petition, that the parenting plan submitted by wife did not provide for the best interests of the children, and that the Form 14 submitted by wife did not accurately reflect the parties' gross income and expenses. On January 11, 2000, husband filed a motion for new trial. After a hearing, the motion to set aside and the motion for new trial were denied on January 27, 2000.

In his first point on appeal, husband contends that the trial court abused its discretion in refusing to set aside the default judgment

■■■■ Rule 74.05 provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside____ Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." The decision to set aside a default judgment lies within the trial court's discretion, and its decision will not be overturned unless the record indicates an abuse of that discretion. *Yerkes v. Asberry,* 938 S.W.2d 307, 309 (Mo.App. E.D.1997). Because courts favor a trial on the merits, discretion not to set aside a default judgment is narrower than discretion to set it aside. *Id.* However, even if a movant shows a meritorious defense, if good cause is not also established, the trial court does not abuse its discretion by failing to set aside the judgment. Rule 74.05(d); *In re Marriage of Williams,* 847 S.W.2d 896, 899 (Mo.App. S.D.1993).

■■■■ Here, husband failed to show good cause. Husband argues that he did not receive notice of the default hearing. However, the record indicates that wife filed a notice of the default hearing. Moreover, once properly served, a party who defaults is charged with notice of all subsequent proceedings in the case. *Crowe v. Clairday,* 935 S.W.2d 343, 346 (Mo.App. S.D.1996). Therefore, a party in default has no right to notice of the default proceedings, and a statement of a lack thereof does not show good cause. *Bredeman v. Eno,* 863 S.W.2d 24, 26 (Mo.App. W.D.1993).

Husband also contends that he did not believe wife would pursue a default hearing on November 4, 1999. He argues that he believed the case would be settled and that the numerous times the case was set

on the court's docket with no action taken led him to believe that a default hearing would not take place on that date. The motion court was free to believe or disbelieve these statements made by husband in his affidavit. *McClelland v. Progressive Cas. Ins. Co.,* 790 S.W.2d 490, 493 (Mo. App. S.D.1990). Because we hold that husband did not show good cause for being in default, we need not address whether he stated facts constituting a meritorious defense. The trial court did not abuse its discretion. Point denied.

In his second point, husband contends that the trial court lacked subject matter jurisdiction to enter its orders of maintenance, attorney fees, disproportionate division of debt, and restrictive visitation because wife's petition did not make the necessary allegations, wife's prayer did not request these orders, and the record lacked sufficient evidence to support these orders.

 Relief granted on default may not be other or greater than that which she shall have demanded in the petition as originally filed and served on defendant. *Picou v. Picou,* 800 S.W.2d 754, 755 (Mo. App.E.D.1990). Wife concedes that she did not request attorney fees and maintenance in her petition. Consequently, the trial court erred in awarding maintenance and attorney fees.

 Husband next argues that the trial court exceeded its subject matter jurisdiction by ordering him to pay all of the marital debt because in her petition, wife did not request a disproportionate division of debt. He further argues that at the default hearing, she did not provide sufficient evidence to support a disproportionate award of property.

 In her petition, wife requested that the trial court divide the marital debts in a fair and equitable fashion. In her prayer, wife asked that the trial court allocate the marital debts in a fair and equitable manner pursuant to Section 452.330 RSMo 1994. The trial court must divide marital property as it deems just after considering all relevant factors. *Rombach v. Rombach,* 867 S.W.2d 500, 505 (Mo.banc 1993). The division does not have to be equal. *Id.* Because a fair and equitable division can also be an unequal division, wife was not required to expressly request a disproportionate division of the marital debt.

The unequal division of debt is also supported by sufficient evidence. Wife stated in her petition that she was unemployed and that husband was employed in Indiana. In the Income, Expense and Financial Statement attached to the petition, she listed the bankruptcy debt. During the default hearing, wife testified as to the amount and creditor of each marital debt. She also testified that she was unemployed, had no resources to pay the debts, and was the custodial parent of three children under the age of three and a half. The evidence was sufficient for the trial court to disproportionately divide the debt, and it did not err in doing so.

 In his final argument, husband contends that the trial court lacked jurisdiction to enter its order granting restrictive visitation to husband. He argues that wife did not plead facts indicating that restrictive visitation was proper and did not present evidence to support restrictive visitation. In a custody decision, we defer to the trial court unless firmly convinced the welfare of the child requires a different disposition. *Stucker v. Stucker,* 667 S.W.2d 20, 21 (Mo.App. E.D.1984). In these determinations, the trial court's decision is given greater deference than in other cases. *Rios v. Rios,* 935 S.W.2d 49, 51 (Mo.App. E.D.1996). The trial court has jurisdiction to fashion custody and visitation terms that are in the best interest of the child. *Id.*

In her petition, wife stated that it was in the best interest of the children for her to have primary custody of the children subject to the reasonable visitation rights of husband. In her prayer, she requested the same. She also stated that while she

and the children resided in Missouri, husband at that time resided in Indiana. During the default hearing, wife testified that although husband had exercised visitation with Kayla, the oldest daughter, he had seen Hannah, the second oldest child, three times in the previous two years and spent about two hours during that time with the youngest daughter. The trial court determined that because of this limited contact, husband's visitation with the two younger children would be by agreement only.

Wife's prayer requested primary custody of the children subject to reasonable visitation rights for husband. It was within the court's discretion to find that restrictive visitation constituted reasonable visitation rights. The evidence presented in the default hearing was sufficient to support this determination, and the trial court did not abuse its discretion by failing to set aside the default judgment on that basis.

The judgment is affirmed except for the portion awarding maintenance and attorney fees, which is reversed.

MOONEY, P.J. and SULLIVAN, J., concur.