STATE ex rel. William
BURNS, Relator,

v.

The Honorable Gregory B. GILLIS,
Judge, Associate Circuit Court of
Jackson County, Respondent.

No. WD 61324.

Missouri Court of Appeals,
Western District.

March 25, 2003.

Rebecca S. McGinley, Overland Park, KS, for relator.

Harlene J. Hipsh, Kansas City, MO, for respondent.

Before NEWTON, P.J., BRECKENRIDGE and SMART, JJ.

PATRICIA BRECKENRIDGE, Judge.

Relator William Burns filed a petition for a writ of mandamus in this court, seeking to compel Respondent, the Honorable Gregory B. Gillis, to set a trial date for his damages suit. In his petition, Mr. Burns claims that Judge Gillis has personal jurisdiction over the defendant in the damages suit because the defendant was properly served with process, and the failure to comply with a local rule regarding the timing of the filing of the return of service does not prohibit Judge Gillis from setting a trial date. In response, Judge Gillis argues that the lack of compliance with the local court rule precludes him from setting a trial date. Because this court finds that Judge Gillis has personal jurisdiction over the defendant and the lack of compliance with the local court rule regarding the timing of the filing of the return of service does not prohibit him from exercising his jurisdiction in the underlying action, this court's preliminary writ of mandamus is now made absolute.

## Factual and Procedural Background

On October 19, 2001, Mr. Burns filed a petition with the Circuit Court of Jackson County, claiming property damage arising out of an automobile accident. On November 5, the court issued a summons against the defendant. The summons was served on the defendant on November 23 by a court services officer in Anchorage, Alaska, where the defendant was being held in a pre-trial detention facility. According to the summons, the defendant was to appear in the associate circuit division on December 5. The case was not docketed and a trial was not held on December 5, however, because the return of service had not yet been filed. On December 8, the return of service was filed.

On February 25, 2002, Mr. Burns filed a motion for entry of default judgment against the defendant. In support of his motion, Mr. Burns asserted that he was entitled to a default judgment because the defendant had not filed an answer or any responsive pleadings to the petition. On March 7, Judge Gillis denied Mr. Burns' motion for entry of default judgment because the return of service was not filed three days prior to the return date of December 5, in violation of Local Rule 63.1 of the Sixteenth Judicial Circuit. This rule

provides that "[a]ll returns on services of summons in Associate Circuit Judge Division cases shall be filed with the Department of Civil Records no later than three (3) days prior to the return date." The court further denied the default judgment on the basis that under section 517.031,[1] RSMo 2000,[2] the defendant was not required to file a responsive pleading.

Subsequently, Mr. Burns filed a motion for a trial setting. On March 21, Judge Gillis denied the motion for a trial setting because "Local Rule 63.1 was not complied with." Mr. Burns then filed a writ of mandamus with this court seeking to compel Judge Gillis to set a trial setting in the underlying action. Mr. Burns claims that because the defendant was properly served, Judge Gillis has personal jurisdiction over the defendant and the lack of compliance with Local Rule 63.1 does not preclude the judge from setting a trial date. This court issued a preliminary writ of mandamus.

### Writ of Mandamus Proper

■ Before reaching the merits of Mr. Burns' petition for writ of mandamus, this court considers whether a writ of mandamus is proper in the circumstances of this case. "The extraordinary relief of mandamus has limited application." *Jones v. Carnahan,* 965 S.W.2d 209, 212 (Mo. App.1998). A writ of mandamus "will lie both to compel a court to do that which it is obligated by law to do and to undo that which the court was by law prohibited from doing." *State ex rel. Leigh v. Dierker,* 974 S.W.2d 505, 506 (Mo. banc 1998). A writ of mandamus cannot compel the performance of a discretionary act, however. *Jones,* 965 S.W.2d at 212. "A discretionary act is one requiring the exercise of reason in determining how or whether the act should be done." *Id.* at 213.

■ Judge Gillis argues that a writ of mandamus is not appropriate in this case because the "[a]cceptance or rejection of a return of service is a discretionary issue to be resolved by the judge who is able to examine that return." In support of his argument, Judge Gillis cites Rule 54.22(a). Rule 54.22(a) states that "[t]he court may in its discretion allow any process, return or proof of service thereof to be filed or amended at any time unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." This portion of Rule 54.22(a) is inapplicable, however, because it concerns the court's discretion in allowing a return of service to be filed.

■ The return of service was accepted and filed on December 8. Thus, the issue is not whether Judge Gillis was correct in allowing the return of service to be filed, which is a discretionary act.[3] Instead, the

---

1. Section 517.031.2 provides, in regard to responsive pleadings, that:

 Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or crossclaims shall be considered denied except as provided in section 517.132.

2. All statutory references are to the Revised Statutes of Missouri 2000.

3. Because Rule 54.22(a) requires the court to exercise its discretion in determining whether to allow a return of service to be filed at any time, Local Rule 63.1 cannot be interpreted to automatically disallow the filing of a service return within three days of the return date. A discretionary act does not involve the "implementation of a hard-and-fast rule" but, rather, requires "[t]he exercise of judgment by a judge or court based on what is fair under the circumstances and guided by the rules and

issue is whether Judge Gillis was correct in declining to exercise his jurisdiction because the return of service was not filed within the time required by the local rule. This is an issue of law. The Supreme Court has held that mandamus is the proper remedy to resolve legal issues concerning the trial court's misconception of its jurisdiction:

> [W]hen, upon a preliminary question of jurisdiction depending wholly upon the law and not upon the facts, the court misconceives its jurisdiction of the case or of the parties and refuses to proceed to its final determination upon the merits then the appellate court will issue its writ to compel the lower court to reinstate the matter and proceed to its final determination without attempting to dictate what the result of such determination shall be.

*State ex rel. Fielder v. Kirkwood,* 345 Mo. 1089, 138 S.W.2d 1009, 1011 (1940). *See also State ex rel. Streeter v. Mauer,* 985 S.W.2d 954, 956 (Mo.App.1999) (holding "mandamus will lie to reinstate a case improperly dismissed because the court misconstrued its jurisdiction to hear it"). A writ of mandamus is proper in the circumstances of this case.

### Lack of Compliance With Local Rule Does Not Prohibit Trial Court From Setting Trial Date

In his petition, Mr. Burns claims he is entitled to a writ of mandamus compelling Judge Gillis to set a trial date. Mr. Burns argues that Judge Gillis has personal jurisdiction over the defendant because the defendant was properly served with process, and the failure to file the return of service three days prior to the return date as required by the local rule does not prohibit Judge Gillis from exercising his jurisdiction by docketing the case and setting a new trial date.

 Under Rule 54.22(a), "[t]he return of service shall be considered prima facie evidence of the facts recited therein." The return of service "creates a presumption of proper service that can be impeached only by clear and convincing evidence that a party was not served." *State ex rel. Dep't of Soc. Serv., Div. of Child Support Enforcement v. Stone,* 71 S.W.3d 643, 646 (Mo.App.2002). Once the defendant has been properly served with process, the court "obtain[s] jurisdiction to adjudicate the rights of a defendant." *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000).

 According to the return of service in this case, the defendant was served on November 23, twelve days before the return date of December 5. Section 517.041.1 provides that "[t]he summons shall command the defendant to appear before the court on a date and time, not less than ten days nor more than thirty days from the date of service of the summons." Although the return of service was not filed three days before the return date as required by Local Rule 63.1, it was accepted and filed on December 8. Thus, under Rule 54.22(a), the filed return of service is prima facie evidence that the defendant was properly served. The presumption of proper service stands, as there is no clear and convincing evidence that the defendant was not properly served. *See Stone,* 71 S.W.3d at 646. Because the defendant was properly served, Judge Gillis has personal jurisdiction over him. *Worley,* 19 S.W.3d at 129. Indeed, Judge Gillis admits that the defendant was properly served and that the court "technically

principles of law[.]" BLACK'S LAW DICTIONARY 479 (7th ed. 1999). *See also Lindell Trust Co.*

*v. Lieberman,* 825 S.W.2d 358, 360 (Mo.App. 1992).

has personal jurisdiction" over the defendant.

Nevertheless, Judge Gillis argues that it would have been inappropriate for him to exercise his jurisdiction over the defendant and hold trial on December 5 because the return of service was not filed three or more days before the December 5 return date as required by Local Rule 63.1. This court agrees with Judge Gillis that Mr. Burns' case could not be tried on December 5 because there was no return of service filed with the trial court on that date. Since there was no proof, at that time, that the defendant had been properly served, trying the case on the return date would have been improper.

Judge Gillis argues, however, that because Mr. Burns failed to comply with Local Rule 63.1, the court had the discretion to decide, when the return of service was eventually filed showing that the defendant was served, whether to exercise jurisdiction over the defendant at all and permit the case to proceed. He makes this argument despite the fact that Local Rule 63.1 provides no consequences for failing to file the service return no later than three days prior to the return date, and certainly provides no mechanism for the trial court to decline to exercise jurisdiction over a properly-served defendant. Nevertheless, Judge Gillis contends that, for the court to exercise jurisdiction over the defendant and permit the case to proceed, Mr. Burns must request that an alias summons be issued and served on the defendant. In fact, Judge Gillis notes that the issuance of an alias summons and the procurement of new service on the defendant is "[t]he most common and widely

used option, which has occurred in thousands of cases under similar circumstances."[4] He points out that he "has not been presented with any facts which would indicate that service on the Defendant was exceptionally difficult, costly, or time consuming, such that the Relator/Plaintiff would be unfairly prejudiced by requiring that new service be obtained and Local Rule 63.1 be followed."

▆▆▆▆ Interpreting the lack of compliance with Local Rule 63.1 as permitting the trial court to decline jurisdiction and require the issuance of an alias summons and the procurement of new service before the case can proceed is inconsistent with the statutory scheme governing the procedure in associate circuit divisions. While trial courts are permitted to promulgate local rules "governing the administration of judicial business," the local rules cannot be "inconsistent with the rules of [the Supreme Court], the Constitution or statutory law in force." Rule 50.01. Nor can the local rules be construed in a manner that conflicts with state law. *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 541 (Mo.App.2001). As the Supreme Court explained in *State ex rel. State v. Riley*, 992 S.W.2d 195, 196 (Mo. banc 1999), trial courts are permitted to " 'impose requirements in addition to those imposed by the Rules of Civil Procedure, provided the additional requirements imposed are not unreasonable under the circumstances, not unnecessarily burdensome or not inconsistent with the Rules.' " (quoting *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 299 (Mo. banc 1986)).

Judge Gillis's assertion that the only way Mr. Burns' case can proceed is by the

---

4. In his brief, Judge Gillis suggests that when a service return is not filed within the time required by the local rule, plaintiffs have multiple options from which they can choose in order to proceed with their lawsuit. The rec-

ord in this case makes it clear that, in fact, no options were made available to Mr. Burns but to request the issuance of an alias summons and the procurement of new service on the defendant.

issuance of an alias summons and the procurement of new service is inconsistent with the statute governing the issuance of alias summonses in associate circuit divisions. Chapter 517 governs civil cases originally filed before associate circuit judges. Within that chapter, section 517.041.2 addresses the issuance of alias summonses and does not provide for the issuance of an alias summons where the return of service is not filed within the time standards set by local rule. Rather, section 517.041.2 provides that a "plaintiff may request further process be issued to any defendant not timely *served.*" (Emphasis added.) There is no question that the defendant in this case was timely served. Therefore, under section 517.041.2, Mr. Burns was not required to request the issuance of an alias summons to obtain a new trial date.[5]

Chapter 517 permits continuances to remedy problems with service. Section 517.051 provides that "[e]very case shall be tried upon the return date of the summons, when the summons has been duly and timely served, *or on a date to which the case has been continued.*" (Emphasis added.) Thus, when the defendant has not been properly and timely served, the case may be continued to a date beyond the return date. In such situations, if a party wants to request a continuance to a day certain, it must do so on or before the return date. Section 517.071.1. Otherwise, the case may be continued to a day certain, not exceeding thirty days, upon the judge's own motion and without the consent of any party. Section 517.071.2(1). Or, the case may just be continued generally, as section 517.071.3(2) provides that a case may be continued generally "[w]hen all defendants have not been timely served with process[.]"[6]

Although these statutes do not specifically address a continuance due to the late filing of a service return, they do provide for a continuance beyond the return date where the record does not indicate that proper and timely service has been obtained. Unless the plaintiff wants the continuance to be to a day certain, the plaintiff need not request the continuance on or before the return date and, further, the continuance can be made on the court's own motion. As this statutory scheme allows for the continuance of cases generally where the record does not even indicate that the court has jurisdiction over the defendant, Judge Gillis's determination that the late filing of the service return on a properly-served defendant precludes the plaintiff from obtaining a new trial date is inconsistent with these statutes.

Moreover, requiring a plaintiff to request the issuance of an alias summons and procure new service on the defendant where the service return is not filed at least three days prior to the return date is unnecessary to accomplish the purpose of Local Rule 63.1. Because, according to Judge Gillis, the Sixteenth Judicial Circuit "has had numerous problems in the last

---

5. Judge Gillis further argues that he cannot set another trial date without new service because section 517.041.1 requires that any hearing to which the defendant is summoned occur within thirty days from the date of the service of summons. Section 517.041.1 provides that "the summons shall command the defendant to appear before the court on a date and time, not less than ten days nor more than thirty days from the date of service of the summons." While this section man-
dates the time frame for the return date that appears on the summons, it does not mandate the time frame during which the trial must occur.

6. Although Judge Gillis claims that "[d]ue to the time standards applicable to associate division cases, said cases are not continued generally," section 571.071.3 clearly permits them to be.

few years with improper and even fraudulent returns executed by private process servers," Local Rule 63.1 was enacted to allow the court time to examine the service returns before the court date to ensure that they are in proper form. This purpose can still be achieved where the return of service is not timely filed under the rule. Where the return of service is not filed at least three days prior to the return date, the solution is to permit the setting of a new trial date that will afford the court the opportunity to examine the service of process.

Not only is requiring the issuance of an alias summons and the procurement of new service for the failure to comply with Local Rule 63.1 inconsistent with the statutory scheme and unnecessary to accomplish the purpose of the local rule, it is unreasonable and unduly burdensome. Requiring a plaintiff who properly and timely serves a defendant, but fails to comply with the local rule regarding timely filing of the service return, to request that a new summons be issued and served adds unnecessary cost and delay to the plaintiff. Additionally, this requirement creates the potential that the plaintiff might not be able to find and serve the defendant a second time and, thus, the plaintiff would never be able to proceed on the lawsuit. Such a requirement impedes, rather than promotes, access to the courts.

Judge Gillis contends that permitting the setting of a new trial date without obtaining new service on the defendant would violate the defendant's due process rights to notice and an opportunity to be heard. He notes that when a case is not

docketed or called on the return date, there is no way to know whether the defendant appeared on the return date but left because the case was not on the docket. The court created this problem by not docketing cases when the court set the return date and, instead, only docketing cases when return of service is made. The solution to this problem is to docket a case and call it on the return date, even though the return of service has not been filed. In such cases, the court could then decide whether to grant a continuance that would allow the plaintiff more time to file the service return.

Even if the defendant in this case did appear on the return date and left, the defendant's due process rights would not be violated by continuing the case beyond the return date and having a new trial setting. Judge Gillis argues that "the statutes have provided that the only ways to insure that the defendant has received meaningful notice of the court date is through personal service summoning the defendant to appear on a date certain or notice given in open court." Yet, he does not refer to any statute which so provides. As this court has already stated, section 517.071.3(2) clearly permits a case to be continued generally where the record does not indicate that the defendant has been timely served, and section 517.071.4 provides that "[w]hen a case has been continued generally, it may be rescheduled for trial or other proceeding before the court on fifteen days' written notice to all parties." This statute says nothing about requiring personal service or notice in open court.[7]

7. Judge Gillis also argues that because the defendant was served at a detention facility, and not at the address given in the instructions for service, "[i]t is entirely possible that he remains in a detention facility, or has been released and resides at an address different

than that known to the [court]." Thus, Judge Gillis contends, "[t]here is simply no way to assure that the Defendant would receive notice of the trial setting under these circumstances." Rule 43.01 governs the service of "[e]very pleading, subsequent to the original

Judge Gillis contends that because many of the defendants in associate circuit division cases appear *pro se*, associate circuit judges "must be able to exercise discretion based on their observations, lest the scales tip too far in the hands of plaintiffs' attorneys." The discretion afforded associate circuit judges, however, does not include permitting them to interpret a local rule in a way that is inconsistent with statutory law, unduly burdensome to the plaintiff, and unnecessary to protect the defendant's due process rights. Judge Gillis has personal jurisdiction over the defendant in this case. The lack of compliance with Local Rule 63.1 does not prohibit the court from exercising jurisdiction over the defendant, and it should not be used as a reason to avoid exercising jurisdiction.

The preliminary writ of mandamus is made absolute. The trial court is ordered to set a trial date in the underlying action and send notice of that trial date to the defendant.[8]

All concur.

petition, every written motion, other than one that may be heard ex parte, and every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule or order is required to be served[.]" Rule 43.01(a). The Rule provides that service upon a party may be made "by delivering or mailing a copy to the party, by transmitting a copy to the party by facsimile transmission, or by serving a copy in the manner provided for service of summons in Rule 54.13." Rule 43.01(c)(2). So long as the defendant is given service of the setting of the new court date in compliance with this Rule, he will have received due process. As in any other case, there is no guarantee that the defendant continues to reside at the address listed in the petition or last known to the court.

8. Because of the disposition of this case, Judge Gillis's motion to dismiss Mr. Burns' petition for writ of mandamus is denied.