**UNIFUND CCR PARTNERS,**
**Appellant,**

v.

**Patricia A. RODGERS, Respondent.**

**No. WD 69660.**

Missouri Court of Appeals,
Western District.

March 31, 2009.

Richard A. Mixson, St. Louis, MO, for Appellant.

Thomas R. Davis, Independence, MO, for Respondent.

Before LISA WHITE HARDWICK, P.J., HAROLD L. LOWENSTEIN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Unifund CCR Partners appeals the trial court's decree setting aside the default judgment entered against Patricia Rodgers. It contends that Ms. Rodgers failed to show good cause. The decree of the trial court is affirmed.

### Facts

Unifund filed its petition for breach of contract against Ms. Rodgers in December 2006 in the associate circuit court. The petition contained two counts alleging that Ms. Rodgers failed to make payment of monies advanced to her through the credit card issued by Unifund. Unifund attempted service of summons and petition on Ms. Rodgers at 8904 Kentucky in Kansas City, Missouri, on August 22, 2007. The summons was returned "NON EST," and the return of service specifically noted, "Neighbor said this person has not lived here for 6 months." Ms. Rodgers was eventually served on November 10, 2007, at 6332 Kentucky in Kansas City, Missouri, where she lives with her son.

A few days later on November 18, 2007, Ms. Rodgers sent a letter to the court asking for a continuance. The letter was

addressed to the proper court and division, referenced the case caption and number, and was filed stamped by the circuit clerk. In the letter, Ms. Rodgers explained that she had been served late on a Saturday and did not have sufficient time to take off work for the hearing that was scheduled on November 20, 2007, ten days after she was served. Ms. Rodgers also asserted in the letter that she did not owe the debt. Finally, Ms. Rodgers asked to be contacted at her proper address at 6332 Kentucky.

The trial court continued the matter to December 18, 2007. Nothing in the record, however, shows that the trial court signed any order, filed any notice on the record, or mailed any notice to Ms. Rodgers. On November 27, 2007, Unifund's attorney sent a letter to Ms. Rodgers informing her that the hearing had been reset for December 18. The letter, however, was sent to the same wrong address at 8904 Kentucky where service was originally attempted. The next day, Unifund sent its request for admissions, interrogatories and request for production of documents to Ms. Rodgers. Again, Unifund's requests were sent to the wrong address at 8904 Kentucky.

Ms. Rodgers failed to appear at the December 18, 2007 hearing, and default judgment in the amount of $39,546.89 was entered against her pursuant to section 517.131, RSMo 2000,[1] which provides that a default judgment may be entered where a properly-served defendant fails to appear at trial.

On March 28, 2008, Ms. Rodgers filed her motion to set aside the default judgment. She asserted that she never agreed to open a credit card account with Unifund, she did not incur or authorize the

charges alleged by Unifund, she never received statements or bills for the account, and she did not owe any money to Unifund. She further asserted that she was never given notice of the December 18, 2007 hearing at which default judgment was entered. Unifund filed its response to Ms. Rodgers's motion. On April 7, 2008, the trial court set aside the default judgment against Ms. Rodgers. This appeal by Unifund followed.

## Standard of Review

A trial court has broad discretion to set aside a default judgment because public policy favors resolution of cases on the merits rather than default. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686–87 (Mo. banc 2007). Review of a trial court's decision to set aside a default judgment is for abuse of discretion. *Id.* at 688.

## Good Cause

In its sole point on appeal, Unifund contends that the trial court abused its discretion in granting Ms. Rodgers's motion to set aside the default judgment because she failed to show good cause.[2]

Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." " 'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d).

In her motion to set aside the default judgment and affidavit, Ms. Rodgers asserted that she was never notified of the December 18, 2007 hearing date and, therefore, did not have the opportunity to answer or otherwise respond to the claims against her. Unifund argues that Ms.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Unifund does not assert that Ms. Rodgers did not have an arguable meritorious defense.

Rodgers's assertion failed to establish good cause because once she was served, she was charged with notice of all subsequent hearings. In support of this argument, Unifund cites *Kocsis v. Kocsis,* 28 S.W.3d 505 (Mo.App. E.D.2000). In that case, the husband in a dissolution action sought to set aside a default judgment entered against him. *Id.* at 508. Husband did not respond to the pleadings and did not appear at any court proceedings including the default hearing, which was held over one year after wife filed her petition. *Id.* at 507–08. To establish good cause for his default, Husband asserted that he did not receive notice of the default hearing. *Id.* at 508. The Eastern District recited the longstanding rule that "once properly served, a party who defaults is charged with notice of all subsequent proceedings in the case." *Id.*[3] It concluded that husband failed to show good cause because wife had filed a notice of the hearing and he was in default and, thus, charged with notice of all subsequent proceedings in the case. *Id.*

The rule applied in *Kocsis* and other cases that no notice need be given to a defaulting party does not apply in this case because Ms. Rodgers was not in default. Chapter 517 sets out the procedure for civil cases originally filed before associate circuit judges. *State ex rel. Burns v. Gillis,* 102 S.W.3d 66, 71 (Mo.App. W.D.2003). Section 517.031.2 provides that after a written petition is filed, affirmative defenses, counterclaims, and cross claims shall be filed. "No other responsive pleading need be filed." § 517.031.2. If no responsive pleading is filed, statements made in the petition shall be considered denied. *Id.* Although the summons noted that Ms. Rodgers was permitted to file a responsive pleading in the case, it and section 517.031.2 did not require her to do so. Ms. Rodgers did not file an answer; thus, the statements made in Unifund's petition were considered denied under section 517.031.2. Additionally, in her letter to the court requesting a continuance, Ms. Rodgers specifically denied the claim against her asserting that she did not owe the debt.

Furthermore, chapter 517 permits continuation of a case. *Gillis,* 102 S.W.3d at 71. Section 517.051 provides, "Every case shall be tried upon the return date of the summons, when the summons has been duly and timely served, *or on a date to which the case has been continued.*" (Emphasis added.) A case may be continued to a day certain, not exceeding thirty days, upon the judge's own motion, the agreement of the parties, or the application of any party and for good cause shown. § 517.071.2. The trial court must serve the parties with notice of the order of continuance in accordance with Rule 74.03. *See Breckenridge Material Co. v. Enloe,* 194 S.W.3d 915, 919 (Mo.App. E.D.2006)(trial court has duty under Rule 74.03 to send notice of the trial setting once ordered).

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each

---

**3.** *See also Barney v. Suggs,* 688 S.W.2d 356, 360 (Mo. banc 1985)(where defendant failed to file a timely pleading and interlocutory judgment of default was entered against him, no additional notice of hearing to assess damages is required); *Crain v. Crain,* 19 S.W.3d 170, 174 (Mo.App. W.D.2000)(where husband failed to answer wife's petition, he was not entitled to notice of the legal separation trial date); *Bredeman v. Eno,* 863 S.W.2d 24, 26 (Mo.App. W.D.1993)(where defendants never filed an answer, they had no right to notice of the default proceeding); *Robson v. Willers,* 784 S.W.2d 893, 896 (Mo.App. W.D.1990)(no requirement for separate notice of a hearing to assess damages after interlocutory order of default on liability was entered against defendants for failure to answer and appear).

party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment.

Rule 74.03. Unless the record establishes that the complaining party was provided notice of a trial setting, the appellate court may conclude that the complaining party did not receive notice. *Breckenridge Material Co.*, 194 S.W.3d at 920.

█ Upon receipt of the summons, Ms. Rodgers sent a letter to the court asking for a continuance because she was unable to take off work for the hearing that was scheduled on November 20, 2007, ten days after she was served. The trial court continued the case to December 18, 2007. Nothing in the record, however, shows that the trial court mailed any notice of the new hearing date to Ms. Rodgers as required by Rule 74.03. And although Unifund's attorney sent a letter to Ms. Rodgers informing her that the hearing had been reset, the letter was sent to the wrong address. Without notice of the new hearing date, Ms. Rodgers's failure to appear at the hearing was not conduct intentionally or recklessly designed to impede the judicial process. Ms. Rodgers established good cause, and the trial court did not abuse its discretion in setting aside the default judgment. The decree of the trial court is affirmed.

All concur.