**Wanda Rae WELCH, Movant–
Appellant,**

v.

**James Douglas WELCH, Respondent–
Respondent.**

No. 22352.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 1999.

Brian L. Harvell, St. Louis, for appellant.

James A. Broshot, Mazzei & Broshot, Steelville, for respondent.

JAMES K. PREWITT, Presiding Judge.

The marriage of the parties was dissolved on September 25, 1991, and primary physical custody of parties' child, Ashley, was awarded to Appellant. On February 3, 1994, the dissolution decree was modified, granting primary physical custody to Respondent. Thereafter, on July 9, 1997, Appellant filed a motion to modify, requesting primary custody of Ashley. Following trial of the matter, Appellant's motion was denied, and she appeals.

Appellant contends that the trial court erred and that its ruling was not based upon substantial evidence since the trial court was prejudiced because "the court stated on the record it had prejudged the case, resulting in an abuse of discretion." For her second point, Appellant claims the trial court erred because the court relied on a single factor, the child's grades in school.

The standard of review in court-tried cases is governed by Rule 73.01(c). For interpretation of that rule, see *In re Mar-*

*riage of Lafferty,* 788 S.W.2d 359, 361 (Mo. App.1990). We are also mindful that due regard is given to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(c)(2). The appellate court views the "evidence and its permissible inferences in the light most favorable to the judgment, and disregards all contrary evidence and inferences." *Barrett v. Barrett,* 963 S.W.2d 454, 457 (Mo.App.1998).

■ An appellant seeking to reverse a trial court's ruling concerning custody of a child has to overcome a high standard of review. A trial court has considerable discretion in making child custody orders. *In re Marriage of Campbell,* 868 S.W.2d 148, 150 (Mo.App.1993). An appellate court will not disturb custody orders "unless it is firmly convinced that they are manifestly erroneous and the welfare of the child requires some other disposition." *Id.*

■ Under § 452.410.1, RSMo 1994, the court is not to change the custody of a child unless "a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child." The party seeking to change custody has the burden of proving such a change and that the modification is in the best interest of the child. *Bomar v. Kurtz,* 951 S.W.2d 657, 660 (Mo.App.1997). There is a presumption that the party having custody under a decree is a suitable parent. *Id.*

■ Performance at school while living with the custodial parent is a factor which may be considered when requesting a change of child custody. *Wilmesherr v. Wilmesherr,* 708 S.W.2d 823, 824 (Mo.App. 1986).

In support of her first point that the trial court pre-judged the case, Appellant cites *Kollmeyer v. Stupp Bros. Bridge & Iron Co.,* 824 S.W.2d 438 (Mo.App.1991). There, the trial court entered judgment before the conclusion of the evidence. A vastly different situation occurred here. Judgment was not entered until the parties rested, although during the presentation of Respondent's evidence, the trial court stated, following evidence of the child's schoolwork, "I am pre-judging this case, I'm not about to change what this little girl is doing. This is evidence that I consider very important. She is, I'm not going to change custody in this case I'll tell you now."

Previously, the court had heard evidence consisting of seventy-two pages in the transcript on behalf of the Appellant, and fifty-five pages of the transcript by Respondent. Thereafter, the court heard additional evidence presented by Respondent, consisting of twenty-one pages.

Earlier, at the conclusion of Appellant's evidence, Respondent moved to dismiss, contending that there was not a sufficient change of circumstances shown. The trial court denied the motion, stating he thought it was "a very close question." Without deciding, we agree that it was a close question.

At the time of the motion to dismiss, the trial court was not limited to determining if there was a prima facie case, such as would take place in a jury trial. The trial court could determine that the moving party had failed to convince the judge of a right to relief, and enter judgment adverse to Appellant. *Wyrozynski v. Nichols,* 752 S.W.2d 433, 434–36 (Mo.App.1988). *See also Green v. Stanfill,* 612 S.W.2d 435, 436 (Mo.App.1981).[1]

The trial court did not grant the motion, but it could have, and it appears that having heard additional and apparently undisputed testimony as to the child's progress in school, the court concluded that a sufficient showing of change of circumstances had not occurred. The court, however, did not so rule until the parties were

---

1. Rule 73.01(a)(2) provides in part that: "After the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff was not entitled to relief."

given an opportunity to complete their evidence. As the trial court could have made its determination at the close of Appellant's evidence, the fact that before Respondent's evidence was concluded it indicated it had made a decision, does not mean that the case was improperly prejudged. Point I is denied.

The court's comments above quoted and the judgment entered indicate that other proper factors were considered, not just the child's schoolwork. Therefore, Point II has no merit.

The judgment is affirmed.

CROW, J., and PARRISH, J., concur.