

# Missouri Court of Appeals

## Southern District

### Division Two

JAMES REX CLARK, )
)
    Petitioner-Respondent, )
)
v. ) No. SD35335
) Filed: February 22, 2019
REGINA DAYLE CLARK, )
)
    Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

Honorable John LePage, Associate Circuit Judge

### REVERSED AND REMANDED

Regina Clark (Mother) appeals from an amended judgment that dissolved her marriage to James Clark (Father), awarded Father sole legal and physical custody of the parties' three children, and purported to grant Mother restricted visitation. According to Mother, the manner in which her visitation schedule was to be determined "constitutes an impermissible delegation of judicial authority to someone other than a judge[.]" We agree. The amended judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Because of the narrow issue presented by this appeal, the relevant facts can be succinctly summarized. In January 2016, Father filed a petition for dissolution of the

parties' marriage. The parties' three children were then ages 10, 15 and 18. A guardian ad litem (GAL) was appointed to represent the children. Temporary custody was placed with Father.

In June 2016, the court entered an order concerning Mother's visitation. The court found that Mother "would benefit from therapeutic visitation with the children at this time." The court ordered that "the local rule visitation for mother will be suspended pending further order of this Court, and mother shall participate in therapeutic visitation with the children[.]" In August 2016, the GAL filed a motion to terminate the therapeutic visits. In a September docket entry, the court suspended therapeutic visitation until further evidence could be heard on the matter.

In March 2017, trial on the petition for dissolution was held. The court heard testimony from several witnesses, including: (1) the family therapist conducting the initial therapeutic visitation; (2) the children's therapist; (3) Mother's therapist; (4) Mother; (5) Father; and (6) the parties' three children.

In December 2017, the court entered an amended judgment of dissolution. In awarding Father sole legal and physical custody of the children, the court made a finding that "frequent, continuing and meaningful contact with the mother is not in the children's best interest[.]"[1] The judgment incorporated a parenting plan (Parenting Plan) "restricting" Mother's visitation to therapeutic visits. Such visits were to be determined by: (1)

---

[1] The court considered several factors, including the parties' mental health, and found "there was credible evidence of domestic violence as defined by section 455.010 toward the children perpetrated by the mother." *See* § 452.375.2(6), RSMo Cum. Supp. (2013). The court further found that "[t]his factor favors the father and no findings [of] fact or conclusions of law need be shown as the mother is not being awarded custody of the children." *See **id**.

2

Mother's therapist; (2) the children's therapist; and (3) a "therapeutic visitation therapist" agreed to by the parties. The visitation provision in the Parenting Plan stated:

> The best interests of the children will be served by restricting mother's visitation time in the following manner:
>
> The mother shall be encouraged to engage in therapy with her own individual therapist … and when her therapist reaches a point in therapy that her therapist believes the mother can engage in a healthy therapeutic relationship with the children, ***mother's therapist* shall reach out to the *children's therapist*** … and **upon the <u>children's therapist recommendation</u> therapeutic visits may be coordinated with a therapist agreed to by the parties**, **hereinafter known as the *"therapeutic visitation therapist"***. The mother shall be consulted on the selection of the therapeutic visitation therapist, however, the decision of which therapist to utilize will be decided by the therapist of the children. If either party disagrees, they may seek the Court's recommendation by simple request of the Court for such recommendation.
>
> When the ***therapeutic visitation therapist*** believes that the therapy is effective and it is time to look at supervised visitation (without a therapist) or unsupervised visitation; then the therapeutic visitation therapist shall reach out to the children's current therapist and **upon agreement and *recommendation of the children's therapist*, supervised visits or limited unsupervised visits may be allowed.**
>
> The ***recommendation by the [c]hildren's [t]herapist*** (not the therapeutic visitation therapist) **for unlimited unsupervised visits**, will be prima facie evidence of a change in circumstances warranting a change in the visitation schedule, but not necessarily a substantial change in circumstances warranting a change in the custody of the children.

(Underlining in original and other emphasis added.) This appeal followed.[2]

Our review of this court-tried case is governed by Rule 84.13(d) and ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976). ***In Re Bell***, 481 S.W.3d 855, 858-59 (Mo.

---

[2] The trial court denied Mother's motion to amend the judgment to provide a written specific schedule detailing the visitation and residential time with each parent.

3

App. 2016).[3]  "The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law."  *Id*.  The issue presented by this appeal involves a delegation of statutory authority, which we review *de novo*.  *See Barker v. Barker*, 98 S.W.3d 532, 534 (Mo. banc 2003).

Mother contends that the trial court erred by granting Mother therapeutic visitation that "could only take place upon recommendations of Mother's therapist and the children's therapist and requiring both therapists to coordinate with a third therapist who would conduct the therapeutic visitation."  According to Mother, the judgment "constitutes an impermissible delegation of judicial authority to someone other than a judge hearing the case[.]"  We agree.

The trial court derives its authority to determine child custody and visitation from statute.  *See Aubuchon v. Hale*, 384 S.W.3d 217, 223 (Mo. App. 2012).  With respect to visitation, § 452.400.1(1) states:

> A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his or her emotional development.  The court shall enter an order specifically detailing the visitation rights of the parent without physical custody rights to the child and any other children for whom such parent has custodial or visitation rights. In determining the granting of visitation rights, the court shall consider evidence of domestic violence.  If the court finds that domestic violence has occurred, the court may find that granting visitation to the abusive party is in the best interests of the child.

*Id*.; *see M.F.M. v. J.O.M.*, 889 S.W.2d 944, 957 (Mo. App. 1995) (noting that courts derive their power to determine custody by statute and must act in the children's best interest).  The trial court "has a special obligation in orders pertaining to custody of minor children

---

[3]  All rule references are to Missouri Court Rules (2018).  All statutory references are to RSMo Cum. Supp. (2013).

4

and must act upon evidence adduced." *Aubuchon*, 384 S.W.3d at 223. "Permitting others to alter custody arrangements is an impermissible delegation of judicial authority." *Id.* Thus, it is impermissible to enter an order allowing a therapist to decide when conditions have changed enough to alter the parenting plan. *Id.*; *see also E.A.P. ex rel. V.C.I. v. J.A.I.*, 421 S.W.3d 460, 463-65 (Mo. App. 2013) (trial court "impermissibly delegated judicial authority to the parenting coordinator when it gave the parenting coordinator authority to modify the contact schedule").

The visitation provision in this case fails to conform to the statutory requirement in § 452.400.1(1) that the trial court must "enter an order specifically detailing" Mother's visitation schedule. *Id.* The amended judgment purports to restrict Mother's visitation, but the parenting plan provides no scheduled visitation at all. Instead, the judgment impermissibly delegated to Mother's therapist, the children's therapist and a third therapist the authority to determine when Mother could exercise visitation with her children.[4] For example, the children's therapist was authorized to allow visits without a therapist, for both "supervised" and "limited unsupervised" visits. It is not until the children's therapist recommends "unlimited unsupervised visits" that, as "prima facie evidence of a change in

---

[4] We note that in *Beshers v. Beshers*, 433 S.W.3d 498 (Mo. App 2014), this Court affirmed a parenting plan that allowed a counselor "some discretion to determine the frequency and duration of counseling sessions and initial unsupervised visits" between the mother and the child. *Id.* at 509-10. There, however, the initial counseling sessions did not change the mother's "custody arrangement consisting of unsupervised visits with [the child] at her residence on a set schedule laid out in the trial court's Parenting Plan no later than 100 days following the trial court's Final Judgment." *Id.* at 510. We have no such parameters here. *See also Francis v. Wieland*, 512 S.W.3d 71, 79 (Mo. App. 2017) (trial court did not impermissibly delegate its judicial authority when it allowed "the guidance and recommendations of the designated professionals concern[ing] mental health or medical treatment and advice" because such recommendations and advice "had nothing to do with altering custody arrangements").

circumstances warranting a change in the visitation schedule," the trial court would actually exercise its statutory authority to set the visitation schedule. Thus, the trial court erred by delegating its judicial authority to the therapists to decide the frequency, duration and type of contact (*i.e.*, with or without therapists and supervised or unsupervised visits). *See E.A.P.*, 421 S.W.3d at 463-65; *Aubuchon*, 384 S.W.3d at 223. The error prejudiced Mother because it materially affected her visitation rights. *See Archdekin v. Archdekin*, 562 S.W.3d 298, 308 (Mo. banc 2018); Rule 84.13(b). Accordingly, Mother's point is granted. The amended judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.[5]


JEFFREY W. BATES, J. – Opinion Author

DANIEL E. SCOTT, J. – Concur

MARY W. SHEFFIELD, J. – Concur

---

[5] Because remand is required, we also note that the trial court purported to restrict Mother's visitation without making a finding of physical endangerment or impairment of emotional development as required by § 452.400.1(1). *See State ex rel. S.F.F. v. S.C.G.*, 554 S.W.3d 512, 521-22 (Mo. App. 2018) ("trial court's failure to make those findings before restricting visitation can constitute reversible error"); *Parker v. Parker*, 918 S.W.2d 299, 300 (Mo. App. 1996) ("court must make the finding of endangerment if it intends to restrict visitation").