

# Missouri Court of Appeals
## Southern District

### In Division

DESIREE (RAMOS) SCHUPPAN, )
)
      Petitioner-Appellant, )
)
v. ) No. SD37503
) Filed: **March 31, 2023**
TONY W. RAMOS, IV, )
)
      Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Jerry L. Holcomb

### <u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS</u>

Desiree (Ramos) Schuppan ("Mother") appeals the Judgment and Decree of Modification (the "judgment") entered by the trial court. Mother raises two points on appeal, claiming in Point I that the judgment misapplies Section 452.377[1] by including a provision automatically changing parenting time should Mother relocate to the Joplin area in the future; and claiming in Point II that the judgment is not in Child's best interests because the trial court did not follow the recommendation of the guardian ad litem ("GAL"). Finding merit in Point I, we vacate those portions of the judgment related to Mother's potential future relocation to the Joplin area, affirm

---

[1] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2020, and all rule references are to Missouri Court Rules (2021).

1

the judgment in all other respects, and remand for entry of an amended judgment consistent with this opinion.

Factual Background and Procedural History

Mother and Tony W. Ramos, IV ("Father") are the parents of a minor female child ("Child"), who was to start kindergarten in August 2022. Mother and Father divorced in 2020. Based on a stipulation between Mother and Father, the trial court entered a Judgment and Decree of Dissolution of Marriage (the "2020 judgment") awarding Mother and Father joint legal custody and joint physical custody of Child. The 2020 judgment awarded Mother supervised visitation with Child every other weekend, with all other parenting time awarded to Father.

On January 20, 2021, within six months of the 2020 judgment, Mother moved to modify the 2020 judgment. Mother requested sole legal custody and sole physical custody with supervised visitation for Father. Mother asserted Father had been arrested and charged with second-degree burglary for breaking into Mother's home, which Mother alleged constituted a continuing and substantial change in circumstances justifying a modification of the 2020 judgment. Father filed a counter-motion to modify requesting sole legal custody and joint physical custody with unsupervised visitation for Mother. Father also filed a motion asking the trial court to appoint a GAL, which was granted.

The trial court held a bench trial on March 16, 2022. Mother and Father each presented evidence in support of their motions to modify custody. We need not summarize that evidence given the narrow legal issues presented by this appeal. The GAL testified and recommended the trial court grant Mother sole legal custody and sole physical custody with supervised visitation for Father by Father's parents every other weekend. The entirety of the GAL's recommendation was: "Your Honor, in light of the evidence that's been presented today, my recommendation is

2

sole physical and sole legal custody with [Mother]; [Father] to have every other weekend supervised by [Father's] parents."

The trial court entered its judgment on March 16, 2022. The judgment awarded Mother and Father joint legal custody and joint physical custody of Child. The judgment awarded Mother unsupervised parenting time on two weekends per month, with all other parenting time awarded to Father. The judgment included the following provisions:

> If [Mother] continues to reside out of county as she presently is, [Mother] shall have [parenting] time with [Child] on the first and third weekends of each month from 6:00 p.m. Friday until 6:00 p.m. Sunday, with [Mother] to use all best efforts she does not work on those weekends. Whatever it takes, [Mother] is not to be obligated to work on her weekends. The first weekend of the month begins with the first Saturday of the month and includes the [parenting] time of the Friday before.

> In the event [Mother] relocates to the Joplin metropolitan area including Joplin, Webb City, Oronogo and Carl Junction, [Mother] and [Father] shall share [parenting] time, week on, week off, from 6:00 p.m. Friday to 6:00 p.m. the following Friday.

Mother timely appealed the judgment.

## **Point I**

In Point I, Mother asserts "[t]he trial court erred in entering a parenting plan that includes an automatic change to a term relating to child custody upon the happening of some event in the future because such a parenting plan misapplies [] Section 452.377[.]" Specifically, Mother challenges the following provision in the judgment:

> In the event [Mother] relocates to the Joplin metropolitan area including Joplin, Webb City, Oronogo and Carl Junction, [Mother] and [Father] shall share [parenting] time, week on, week off, from 6:00 p.m. Friday to 6:00 p.m. the following Friday.

### Standard of Review

"When reviewing a judgment of modification, this Court will affirm if the trial court's findings are supported by substantial evidence, are not against the weight of the evidence, and the judgment does not erroneously declare or apply the law." *Soehlke v. Soehlke*, 398 S.W.3d

10, 16 (Mo. banc 2013) (citing *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005)). "If the issue is one of law, this Court reviews *de novo* to see if the circuit court misapplied the law." *Clippard v. Clippard*, 642 S.W.3d 761, 764 (Mo.App. 2022) (quoting *JAS Apartments, Inc. v. Naji*, 354 S.W.3d 175, 182 (Mo. banc 2011)).

Analysis

Father asserts we need not determine Point I because Mother lacks standing to challenge the future contingent change in parenting time. Father acknowledges Mother "is no doubt 'aggrieved' by the custody provisions of the [j]udgment[,]" but "the future contingent change in [parenting time] does not aggrieve [Mother] because it results in more [parenting] time than [Mother] would otherwise be entitled to in the absence of the future contingent change."

"Determining whether a party has standing to appeal is a threshold issue that we review *de novo*." *Est. of Freebairn*, 481 S.W.3d 555, 558 (Mo.App 2015) (citing *In re R.C.H.*, 419 S.W.3d 158, 160 (Mo.App. 2013); *Est. of Whittaker*, 261 S.W.3d 615, 617 (Mo.App. 2008)). Section 512.020 affords the right of appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause[.]" "A party is not aggrieved by, and cannot appeal, a judgment that grants all relief sought by the party, but a party can appeal a judgment that grants only part of the relief sought." *Blanchette v. Blanchette*, 476 S.W.3d 273, 278 (Mo. banc 2015) (citing *Smith v. City of St. Louis*, 395 S.W.3d 20, 27 (Mo. banc 2013)). "A party is aggrieved when, as an immediate consequence, the judgment operates prejudicially and directly on her rights or interests." *Id.* (citing *Hertz Corp. v. State Tax Comm'n*, 528 S.W.2d 952, 954 (Mo. banc 1975)).

Here, as in *Blanchette*, Mother challenges a judgment that did not grant all of the relief she sought. Mother sought sole legal custody and sole physical custody of Child, but the

4

judgment granted Mother only joint legal custody and joint physical custody. "Insofar as the circuit court did not grant all the relief sought, and because [Mother]'s custodial rights are immediately and directly affected by the registration of custody orders that she challenges as void, [Mother] is sufficiently aggrieved to bring this appeal." *Id.* Mother has standing to bring her claim even if the provision appears to help Mother by increasing her parenting time should Mother relocate to the Joplin area in the future. Contrary to Father's argument, Mother is aggrieved by that provision in that it may or may not result in more parenting time for Mother than that to which she would be entitled. We do not know whether the provision benefits her because the provision involves unknown events at unknown points. And, Mother did not have the option of waiting to see if the future contingent parenting time provision ultimately benefits her; if she did not timely appeal the judgment, she would waive any right to challenge the judgment. *See* Rules 81.04; 81.05. Thus, Mother has standing to appeal.

Turning to the merits of Point I, Mother asserts the trial court misapplied Section 452.377 in including in the judgment a provision changing parenting time if Mother relocates to the Joplin area. Section 452.377 provides a procedure for relocation of a child or of any party entitled to custody or visitation of a child and provides in relevant part:

> 2. Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:
>
> (1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;
>
> (2) The home telephone number of the new residence, if known;
>
> (3) The date of the intended move or proposed relocation;

5

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable;

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable; and

(6) The other party's right, if that party is a parent, to file a motion, pursuant to this section, seeking an order to prevent the relocation and an accompanying affidavit setting forth the specific good-faith factual basis for opposing the relocation within thirty days of receipt of the notice.

Mother asserts the judgment misapplied Section 452.377 in that the judgment predetermines Mother's parenting time with Child should Mother relocate to the Joplin area in disregard of the relocation procedure set out in Section 452.377. We agree.

We note that ***S.K.B.-G. ex rel. J.P.G. v. A.M.G.***, 532 S.W.3d 231 (Mo.App. 2017), is directly on-point. There, our Eastern District struck the following provision in a judgment because it was "dependent upon [the mother's] performance of a future act":[2]

> **However, should [the mother] relocate back to the Audrain County School District on or before the time [the child] enters into kindergarten, then, in that event, the weekly custody schedule as stated above shall remain in effect, so long as [the mother] continues to reside and has relocated to the Audrain County School District**.

*Id.* at 239.

Likewise, in this case, the future contingent parenting time provision is solely dependent on Mother's discretionary, potential performance of a future act and not anything certain to occur in the future. *Cf. **Reichard v. Reichard***, 637 S.W.3d 559, 588 (Mo.App. 2021) (upholding provision prospectively changing parenting time upon child turning five years old, finding the provision "sufficiently definite and [] not conditioned upon a future act by Husband or Wife.").

---

[2] Consistent with our discussion elsewhere in this opinion, the court observed: "Mother's attack on this provision is surprising because it appears to primarily benefit Mother and Child by allowing the current equal-time custody arrangement to continue without having to seek a future modification from the court[.]" ***S.K.B.-G.***, 532 S.W.3d at 240.

The General Assembly has dictated by statute, in Section 452.377, the procedure for relocation in child custody matters. The trial court quoted Section 452.377 in the judgment and stated: "The Court puts the parties specifically on notice of Section 452.377.11 RSMo." But the trial court also included the future contingent parenting time provision in the judgment, which purports to provide for an automatic change in parenting time should Mother relocate to the Joplin area, or at least creates an ambiguity as to whether the parties must follow Section 452.377 before the future contingent parenting time provision takes effect. Because the future contingent parenting time provision seeks to predetermine matters governed by Section 452.377, it cannot stand.[3]

Father argues we should not follow *S.K.B.-G.* but should instead follow *A.J.C. ex rel. J.D.C. v. K.R.H.*, 602 S.W.3d 857 (Mo.App. 2020), where this district considered a judgment awarding "joint physical custody of [the child], with [the mother] having physical custody every other weekend if she remains in Ozark, but alternate weekly custody if she returns to Willow Springs." *Id.* at 863. On appeal, the mother argued the trial court erred in including that provision in the judgment "because the best interest of [the child] did not require a different joint physical custody schedule depending on [the mother's] residence." *Id.* at 867. The court held the trial court did not err in including the provision because "[l]ogistical considerations are naturally relevant to the determination of [the child's] best interest." *Id.* at 868. We find *A.J.C.* distinguishable. In *A.J.C.*, the issue raised on appeal was whether the provision was in the child's best interests; there is no indication any party challenged the provision as an invalid

---

[3] In so holding, we are mindful that the trial court may have included the future contingent parenting time provision in the judgment in an effort to save Mother and Father the time and expense of returning to court should Mother choose to relocate to the Joplin area. But Section 452.377 controls. We note that the judgment also contains a future contingent child exchange location should Mother relocate to the Joplin area. Because this provision also seeks to predetermine matters controlled by Section 452.377, it likewise cannot stand.

7

contingent future determination of parenting time in violation of Section 452.377, which is the issue Mother raises here and the issue considered and decided in *S.K.B.-G.* We conclude *A.J.C.* does not pertain to the issue before us.

Although our Eastern District in *S.K.B.-G.* struck the invalid provision and affirmed the judgment as modified, we remand this case for entry of an amended judgment consistent with this opinion that strikes those portions of the judgment concerning parenting time and exchange location should Mother relocate to the Joplin area. A limited remand for entry of an amended judgment consistent with this opinion is appropriate for clarity of the record and for purposes of future enforcement of the amended judgment.[4]

## **Point II**

In her second point, Mother states:

> The trial court erred in entering a judgment of modification of child custody which awarded Mother and Father joint legal and physical custody with more time awarded to Father because the modifications ordered by the trial court are not in the best interests of [Child] in that the parent plan devised by the trial court is directly contrary to the recommendation of the [GAL].

### Standard of Review

The standard for modification of a prior child custody decree is found in Section 452.410.1. *Russell v. Russell*, 210 S.W.3d 191, 196 (Mo. banc 2007). Under Section 452.410.1, "a court 'shall not modify a prior custody decree unless . . . it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the

---

[4] Mother asserts: "The trial court, having already found in its judgment that Mother ought to have Child every other week, would likely find that Mother should have Child every other week with or without a conditional change in location." Mother does not explain why she believes this to be the case, and we remand with directions only for entry of an amended judgment consistent with this opinion.

8

modification is necessary to serve the best interests of the child.'" ***Id.*** (quoting Section 452.410.1).

"Our review of this court-tried case is governed by Rule 84.13(d) and ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976)." ***Clark v. Clark***, 568 S.W.3d 920, 922 (Mo.App. 2019) (citing ***In Re Bell***, 481 S.W.3d 855, 858-59 (Mo.App. 2016)). "The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." ***Id***. (quoting ***Bell***, 481 S.W.3d at 858-59). "We view the evidence and all permissible inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." ***Beshers v. Beshers***, 433 S.W.3d 498, 505 (Mo.App. 2014) (citing ***Bridgeman v. Bridgeman***, 63 S.W.3d 686, 689 (Mo.App. 2002)). "We presume the court's judgment is in accordance with [Child's] best interests after reviewing all of the evidence, and we will not reverse its decision unless we are firmly convinced that the welfare and best interests of [Child] require otherwise." ***Id.*** (citing ***Malawey v. Malawey***, 137 S.W.3d 518, 522 (Mo.App. 2004)). "An appellant seeking to reverse a trial court's ruling concerning custody of a child has to overcome a high standard of review." ***Id.*** (quoting ***Welch v. Welch***, 12 S.W.3d 712, 713 (Mo.App. 1999)).

Analysis

Mother asserts her second point raises an against-the-weight-of-the-evidence challenge. Father argues, and we agree, that Mother's argument goes beyond her point that the judgment is contrary to the GAL's recommendation and discusses other evidence presented at trial. "Arguments advanced in the brief but not raised in the point relied on are not preserved, and will not be addressed by this court." ***Witherspoon v. Thurmond***, 642 S.W.3d 784, 787 (Mo.App. 2022) (quoting ***Ziade v. Quality Bus. Sols., Inc.***, 618 S.W.3d 537, 544 (Mo.App. 2021)).

Mother has preserved nothing for review concerning the other evidence referenced only in her argument, and we address only whether the trial court erred by deciding the custody issue in a manner contrary to the GAL's recommendation.

Mother's second point that the trial court erred by deciding Child's best interests without following the GAL's recommendation lacks merit. "A GAL is not required to make a recommendation. Where the GAL does make a recommendation, the trial court is not bound by that opinion." *In re Marriage of Harris*, 446 S.W.3d 320, 330 (Mo.App. 2014) (citing *Guier v. Guier*, 918 S.W.2d 940, 951-52 (Mo.App.1996)). "The trial court has *sole* responsibility for determining custody." *Id.* (citing *Francka v. Francka*, 951 S.W.2d 685, 695 (Mo.App. 1997)); *see also Francka*, 951 S.W.2d 685 at 691-95 (summarily disposing of argument that the trial court erred by not following GAL's recommendation because as the finder of fact, the court can disregard *all* the reports of the GAL); *Bauer v. Bauer*, 97 S.W.3d 515, 521-22 (Mo.App. 2002) (rejecting appellant's argument that the trial court did not give sufficient weight to the recommendation of the GAL because the trial court may "reject the guardian's recommendations as necessary"); *J.D. v. L.D.*, 478 S.W.3d 514, 518 (Mo.App. 2015) (no legal error or abuse of discretion in determining custody absent the GAL's recommendation); *Leone v. Leone*, 917 S.W.2d 608, 615 (Mo.App. 1996) ("The trial court was not required to accept the recommendation of the guardian ad litem. The court obviously found the guardian ad litem's position unconvincing and believed the testimony at trial which indicated that the parties were unable to cooperate or communicate.") (internal citation omitted).

The trial court did not err by deciding that Child's best interests were served by a custody determination contrary to the GAL's recommendation. As set out above, the GAL provided no

explanation for the GAL's recommendation, arguably making the GAL's recommendation entitled to even less weight here.  Point II is denied.

## Conclusion

Those provisions of the judgment related to Mother's potential future relocation to the Joplin area are vacated.  In all other respects, the judgment is affirmed.  The case is remanded for entry of an amended judgment consistent with this opinion.


GINGER K. GOOCH, J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

JACK A. L. GOODMAN, C.J. - CONCURS

11